UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12039 WGY

*********************************

WAYNE A SCHERGER,
D/B/A PROTECT PAINTERS
    Plaintiff

MAGISTRATE JUDGE Bowler

v.

SCOTT ESTABROOKS and JTC & COMPANY, INC.,
    Defendants

*********************************

RECEIPT # 55848
AMOUNT $150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 9/22/04

COMPLAINT

1. The plaintiff, Wayne A. Scherger d/b/a Protect Painters ("Protect Painters"), has a principal place of business at 831 Beacon Street, #322, Newton Center, Massachusetts 02459.

2. Protect Painters is in the business of operating its own and franchising other painting and decorating businesses under the trade names and trade marks "Protect" and "Protect Painters".

3. The defendant, Scott Estabrooks ("Estabrooks") is a citizen of Massachusetts residing at 161 Perham Street, West Roxbury, MA 02132.

4. The defendant, JTC & Company, Inc. ("JTC"), is a Massachusetts corporation with a principal place of business at 254 Washington Street, Wellesley Hills, Massachusetts.

5. This Court has jurisdiction under 17 U.S.C. § 501 for copyright infringement claims against the Defendants.

6. This Court has pendent jurisdiction over the other claims made in this complaint.

7. Estabrooks signed a Franchise Agreement with Protect Painters on September 19, 1999 to be effective from January 1, 2000 through December 31, 2002.

8. Estabrooks had already been a franchisee of Protect Painters since 1996.

9. Estabrooks' Franchise Agreement with Protect Painters expired on December 31, 2002 and he chose not to renew the agreement.

10. Prior to the actual expiration of the Agreement, Estabrooks informed Protect Painters that he would not be renewing his Agreement but he would be working for Jack and Terry Custom Homes in building custom homes and that he would not be working in a competitive painting business.

11. JTC. is a painting and decorating company that is a direct competitor of Protect Painters in the Massachusetts market.

12. Estabrooks went to work for Defendant JTC after his Franchise Agreement expired.

13. Estabrooks has been and is working for JTC in the painting aspect of JTC's business and is soliciting, estimating, and executing paint jobs for JTC in the area that constituted his franchise territory while he was a franchisee of Protect Painters.

14. Estabrooks has been soliciting business from Protect Painters' customers using his knowledge and relationship with those customers in his former territory.

15. As a part of Estabrooks' Franchise Agreement with Protect Painters, he agreed to and signed certain restrictive covenants. A copy of these restrictive covenants signed by Estabrooks as Appendix III to the Franchise Agreement is attached as Exhibit 1.

16. Estabrooks' Agreement with Protect Painters required that he not engage in any Competing Painting Business as that term is defined in the Agreement for a period of one (1) year from the expiration of his Franchise Agreement. See Exhibit 1 at ¶ 2.

17. Under the terms of the Agreement signed by Estabrooks, he was prohibited from working as an employee or independent contractor or franchisee in the painting business in much of Massachusetts (and other states which have Protect Painters franchises) until January 1, 2004. See Exhibit 1.

18. The noncompete and confidentiality provisions of the Franchise Agreement and Appendices survived the expiration of the Franchise Agreement. See Exhibit 1.

19. Estabrooks was prohibited from soliciting Protect Painter customers or performing services for anyone who was a customer of Protect Painters. See Exhibit 1 at ¶ 4.

20. The restrictive covenants of the Franchise Agreement are reasonable and necessary to protect the legitimate business interests of Protect Painters and its franchisees.

21. The restrictive covenants of the Franchise Agreement are reasonable in time and geography.

22. JTC hired Estabrook knowing that Estabrooks would be in violation of his restrictive covenants by working for JTC.

23. JTC kept Estabrooks in its employment even after receiving a letter from Protect Painters dated May 2, 2003 demanding JTC terminate Estabrooks' employment based on his restrictive covenants.

24. JTC had Estabrooks working in the painting aspect of JTC's business, soliciting paint jobs, estimating paint jobs and painting for customers who previously used Protect Painters.

25. JTC had Estabrooks working in the painting aspect of JTC's business, soliciting paint jobs, estimating paint jobs and painting in Estabrooks' former Protect Painters' territory.

26. Estabrooks has shared confidential information belonging to Protect Painters with JTC, such as the identity of Protect Painters' mailing house.

27. JTC now distributes its advertising materials through the same mailing house that has been used by Protect Painters for years.

28. Estabrooks had knowledge of this mailing house through his relationship with Protect Painters.

29. This mailing house was relatively new and unknown and the chances of JTC finding and using this mailing house without learning of it through Estabrooks is minuscule.

30. Protect Painters has an advertising brochure that it mass mails to Massachusetts households about its services. This brochure is copyrighted by Protect Painters. An original of this brochure is attached as Exhibit 2.

31. A copy of Protect Painters' Certificate of Registration from the Copyright Office for its Direct Mail Advertising Copy is attached as Exhibit 3.

32. Estabrooks has provided JTC with copyrighted advertising material belonging to Protect Painters for JTC to copy and use in violation of his Franchise Agreement. See Exhibit 1 at ¶ 3.

33. JTC has infringed upon Protect Painters' copyright by copying Protect Painters' brochure. A copy of JTC's infringing brochure is attached as Exhibit 4.

34. A comparison of the two brochures reveals the numerous similarities that can only have resulted from JTC's copying of Protect Painters' brochure. Compare Exhibits 2 and 4.

35. JTC's brochure clearly derives from Protect Painters' brochure and is substantially similar in expression.

36. JTC had access to Protect Painters' brochure through Estabrooks and through the mass mailings of the brochure by Protect Painters in Massachusetts.

37. JTC's brochure infringes Protect Painters' exclusive right of copyright.

38. JTC created and published its brochure shortly after it hired Estabrooks.

## COUNT I..  COPYRIGHT INFRINGEMENT

(Against Defendant Scott Estabrooks)

39. Plaintiff incorporates by reference its allegations in paragraphs 1-38.

40. Estabrooks has infringed on Protect Painters' copyrighted work by copying it in substantial part and providing it to JTC for JTC to use in its business.

41. An average lay observer would recognize JTC's brochure as having been appropriated from Protect Painters' brochure.

42. There are striking similarities in expression between the two brochures. Compare Exhibits 2 and 4.

43. As a result, Protect Painters has suffered and continues to suffer damages.

## COUNT II.. COPYRIGHT INFRINGEMENT

(Against Defendant JTC & Company, Inc.)

44. Plaintiff incorporates by reference its allegations in paragraphs 1-38.

45. JTC has infringed Protect Painters' copyrighted work by copying it in substantial part and by duplicating it by imitation.

46. An average lay observer would recognize JTC's brochure as having been appropriated from Protect Painters' brochure.

47. There are striking similarities in expression between the two brochures. Compare Exhibits 2 and 4.

48. As a result, Protect Painters has suffered and continues to suffer damages.

## COUNT III. INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

(Against Defendant JTC & Company, Inc.)

49. Plaintiff incorporates by reference its allegations in paragraphs 1-38.

50. JTC has intentionally interfered with Protect Painters' contract with Estabrooks.

51. JTC has no justification or privilege to cause Estabrooks to breach his Franchise Agreement with Protect Painters.

52. As a result, Protect Painters has suffered and continues to suffer damages.

## COUNT IV. VIOLATION OF M.G.L. c. 93A, § 11

(Against Defendant JTC & Company, Inc.)

53. Plaintiff incorporates by reference its allegations in paragraphs 1-38.

54. JTC has engaged in unfair and deceptive acts and practices in violation of M.G.L. c. 93A, §2.

55. As a result, Protect Painters has suffered and continues to suffer damages.

### COUNT IV. MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL BUSINESS INFORMATION
(Against Defendant JTC & Company, Inc.)

56. Plaintiff incorporates by reference its allegations in paragraphs 1-38.

57. JTC knew that its use of Protect Painters' customer lists, mailing house, and other trade secrets and confidential business information was derived from Estabrooks in violation of his common law duties.

58. JTC has willfully and maliciously misappropriated Protect Painters' trade secrets and confidential business information.

59. As a result, Protect Painters has suffered and continues to suffer damages.

WHEREFORE, the Plaintiff demands:

1. Judgment against Defendant Estabrooks

2. Judgment against Defendant JTC;

3. Compensatory Damages against Defendants Estabrooks and JTC including Protect Painters' actual damages plus Defendant JTC's profits of Two Hundred Thousand Dollars ($200,000.00);

4. Statutory Damages against Defendants Estabrooks and JTC pursuant to 17 U.S.C. § 504(c)(1);.

5. Costs;

6.     Attorney's Fees;

7.     Double or Treble Damages under M.G.L. c. 93A, § 11 against Defendant JTC;

8.     Punitive Damages against Defendant JTC;

9.     Any and all other relief available and deemed meet and just by the Court.

Wayne A. Scherger d/b/a Protect Painters
By his Attorney,

*[signature]*

Cheri L. Crow, Esq.  BBO #106830
23 Walkers Brook Drive
Reading, MA  01867
(781) 944-8470
chericrow@attorneycrow.org

**APPENDIX III          RESTRICTIVE COVENANTS**

1. **Interpretation:** In this Appendix, including in this section.

    (a) All capitalized words have the meanings assigned to them in the Franchise Agreement or in this section;

    (b) "Painting Business" means any business which involves painting interiors and exteriors of residential, commercial, or industrial buildings.

    (c) "Competing Painting Business" means any Painting Business located or to any extent carried on within:

    i. the Franchisee's Franchise Area;
    ii. the Franchise Area of anyone franchised by the Franchisor to carry on a painting business;
    iii. 10 miles from the boundaries of any Franchise Area mentioned in paragraph (a) or (b) above;

    (d) "Engage in any Competing Painting Business" means to be involved directly or indirectly to any extent in any Competing Painting Business, including, without limitation, be the proprietor of, or be a partner, employee, shareholder, promoter, franchisor, licensor, or financier of or a consultant or advisor to any firm or corporation which is engaged in, any Competing Painting Business.

    (e) "Confidential Information" means all types of confidential information divulged to or obtained by the Franchisee as a result of his/her being a Franchisee of the Franchisor including, without limitation, all methods, systems, processes, trade secrets, Manuals, customer lists, and supplier lists.

    (f) The "Special Covenants" mean the Franchisee's covenants in sections 2, 3, 4 and 5 of this Appendix.

2. **Non-Competition:** The Franchisee shall not engage in any Competing Painting Business during the Franchise Period nor for a period of one (1) year from the expiration hereof.

3. **Non-Disclosure:** Except as expressly permitted by the Franchise Agreement, the Franchisee shall not during the Franchise Period nor for a period of one year (1) from the expiration thereof, disclose to any third party and Confidential Information obtained by him or her while a Franchisee.

4. **Non-Solicitation:** The Franchisee shall not during the Franchise Period nor for a period of one year (1) from the expiration thereof:

    (a) Solicit or induce any person who was an employee of the Franchisee or any other franchisee during the Franchise Period, to perform services for a Painting Business; or

    (b) Solicit as a customer for a Painting Business, or perform services as part of a Painting Business for any person, firm, or company who, during the Franchise Period, either was a customer of the Franchisee or who received a painting estimate/proposal for painting from the Franchisee.

5. **Return of Materials:** The Franchisee promises to return to the Franchisor, forthwith upon the expiration of the Franchise Period or upon an earlier termination of the Franchise Agreement, all printed and audio-visual instructional material supplied by the Franchisor, including without limitation, the Operation Manual(s), Manager's Working Binder, Client Manual, Warranty Manual/Records, Landed proposals (including rough estimate sheets) and all other material concerning the procedures, techniques and methods of the Franchisor.

6. **Restrictions upon Employees of the Franchisee:** The Franchisee agrees to cause each of its employees, at the time of their employment, to execute a Secrecy and Confidentiality Agreement in such form as is prescribed by the Franchisor and to use its best efforts to prevent any such person from violating such agreement, to notify Franchisor of any known violations of such agreement and to cooperate with the Franchisor to protect the rights and to the extent not barred by applicable law, to terminate the employment of any person who knowingly breaches the such agreement.

7. **Acknowledgment of Corporate Franchise:** In the event the Franchisee is a corporation, the Franchisee covenants and agrees to deliver to the Franchisor at such time as it may request, the written acknowledgement of such directors, officers, shareholders or employees of the Franchisee, as the as the Franchisor shall in its discretion determine, acknowledging that they have reviewed the provisions of this Appendix and that they agree to abide by and be bound by all such provisions.

8. **Acknowledgements:** The Franchisee understands and acknowledges that:

    (a) the Special Covenants are vitally important to the Franchisor, the Franchisee and the Franchisor's other franchisees;

    (b) the Franchisor requires that all of its franchisees sign the Special Covenants;

    (c) the Franchisor's franchising network cannot successfully operate to the benefit of the Franchisor and all franchisees unless the Franchisor can require that the franchisees strictly comply with the Special Covenants;

    (d) if the Franchisor cannot stop franchisees from breaching the Special Covenants, the benefits contracted for by the franchisees when agreeing to become franchisees will be severely diminished;

    (e) therefore these Special Covenants are for the mutual benefit of the Franchisor, the Franchisee and all other franchisees;

    (f) should the Franchisee or any other franchisee breach the Special Covenants, the Franchisor, its system and its franchisees will suffer both financial loss and loss of goodwill; and

    (g) the Franchisor fully intends to enforce the Special Covenants.

9. **Enforcement:** The Franchisee therefore agrees that:

    (a) the Special Covenants are reasonable and necessary to protect the interests of the Franchisor, the Franchisee and all the other franchisees; and

    (b) the integrity of the franchising network requires that the Franchisor be able to stop franchisees from breaching the Special Covenants; and

10. **Further Provisions:** The Franchisee agrees that:

    (a) the Special Covenants shall be binding on and enforceable against him/her even if the Franchise Agreement is terminated by the Franchisor during the Franchise Period;

    (b) the Special Covenants are reasonable in their entirety. However, if the Special Covenants or any part thereof are found by a court of competent jurisdiction to be invalid or unenforceable to any extent, the invalid or unenforceable part shall be considered as severable from the remainder of the Special Covenants, and the remainder shall remain valid and enforceable; and

    (c) the Franchisor may assign all or any part of the benefit of the Special Covenants.

11. **Remedies:**

    (a) Liquidated Damages - The Franchisor and Franchisee agree that the damages the Franchisor will suffer as a result of any breach of the covenants contained in paragraphs 2, 3, and 4 of this Appendix III will be difficult and time consuming to calculate. Accordingly, the Franchisor and the Franchisee agree that the Franchisee shall pay the sum of twelve thousand ($12,000) dollars to the Franchisor as liquidated damages for any breach of the covenants contained in said paragraphs 2, 3 and 4, said liquidated damages being in lieu of any further monetary damages claimed by the Franchisor.

    (b) Injunctive Relief - In addition to the liquidated damages described in paragraph 11 (a) above, the Franchisor shall be entitled to obtain injunctive relief restraining the Franchisee from continuing to breach the covenants contained in paragraph 3 of this Appendix III.

12. **Arbitration:** Any controversy or claim arising out of, or relating to, this Appendix III or breach thereof shall be settled by arbitration, in accordance with the governing rules of a recognized arbitration association. Any hearing shall take place before a recognized arbitration association located in Boston, Massachusetts with the cost thereof being paid equally by all parties involved.

Protect Painters - 1999 Franchise Agreement          16          Initials ____

Judgement upon the award rendered may be entered in any court of competent jurisdiction.

13. **Governing Laws and Jurisdiction:** As to all construction or interpretation of the terms of this Appendix III, the laws of _MASSACHUSETTS_ shall apply. The Franchisee agrees, by the execution of this Appendix
(Name of State)
III, to submit himself/herself to the personal jurisdiction of the courts of the said state.

## NOTICE TO THE FRANCHISEE

**THIS APPENDIX HAS BEEN PREPARED AS A SEPARATE PART OF THE FRANCHISE AGREEMENT IN ORDER TO EMPHASIZE TO YOU THE IMPORTANCE OF THE SPECIAL COVENANTS HEREIN**

The parties hereto hereby confirm that they have carefully read this Appendix III and fully understand and agree to its terms.

_____     _____
Franchisor                                           Franchisee

Protect Painters - 1999 Franchise Agreement       17       Initials ___

**ProTec Painters**

**It's Time To Paint!**

Mr. John E. Hutchins, Jr.
OR CURRENT RESIDENT
362 Atherton St.
Milton, MA 02186-3610

*Here's your opportunity to receive a FREE estimate for all of your painting needs!*

Dear Mr. Hutchins

ProTect Painters is the answer to all of your painting needs. We have become one of the largest painting and decorating companies because we have the experience to handle all of your requirements, no matter how large or small. Our Five Star Service is not just our slogan but the way we approach every job.

★ **Dependable**

We will return your call promptly, do a thorough needs analysis with you, give you a detailed written estimate, and deliver what we promise. You can count on us to do the job right the first time – every time!

★ **Quality**

Our crews are experienced, well trained professionals who know that quality comes first. We use only top brands of paint and tools to make your job last. The greatest proof of this is our long list of satisfied customers!

★ **Environmentally Friendly**

We recommend the use of current "state-of-the-art" products/materials to help preserve the environment.

★ **Clean & Courteous**

Our staff work swiftly and professionally. We work on your project from start to finish to ensure a timely completion without interruptions. We also believe that our efficiency is enhanced by our neatness and cleanliness which makes the whole job turn out better.

★ **Full Service**

We specialize in residential painting, both interior and exterior. We can also provide you with many specialized skills that go hand in hand with a painting job (rough

★ Competitive Prices

★ Detailed Estimate

★ Local References

★ Top Quality Materials

★ Fully Insured

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

RE **TX 5-783-019**



EFFECTIVE DATE OF REGISTRATION

Jun 3 2003
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

### 1  TITLE OF THIS WORK ▼

~~Protect~~ Painters Direct Mail Advertising Copy

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared    Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

### 2

**a** NAME OF AUTHOR ▼
Wayne A Scherger

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼
1959

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ United States
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes" see detailed instructions

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
Entire Text

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

### 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED    This information must be given
1996   ◀ Year   in all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information   Month ▶ March   Day ▶ 1   Year ▶ 1996
ONLY if this work has been published.
United States of America   ◀ Nation

### 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Wayne A Scherger
831 Beacon Street, #322
Newton Center, MA 02459

APPLICATION RECEIVED
JUN 0 3 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JUN 0 3 2003
FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

Exhibit 3

DO NOT WRITE HERE
Page 1 of 2 pages

|  | EXAMINED BY   HM | FORM TX |
|---|---|---|
|  | CHECKED BY |  |
|  | ☐ CORRESPONDENCE<br>   Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?   **5**
☐ Yes  ☒ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form
b ☐ This is the first application submitted by this author as copyright claimant.
c ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶                Year of Registration ▶

**DERIVATIVE WORK OR COMPILATION**   a  **6**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

None

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼   b

None

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account   a  **7**
Name ▼                                                     Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼   b
Suzanne C  Cummings, Esq
Law Office of Suzanne C  Cummings
23 Walkers Brook Drive
Reading   MA  01867
Area code and daytime telephone number ▶ 781-942-9221        Fax number ▶ 781-942-0924
Email ▶ suzanneccummings@aol com

**CERTIFICATION*** I the undersigned hereby certify that I am the   ☐ author   **8**
Check only one ▶   ☐ other copyright claimant
                    ☐ owner of exclusive right(s)
of the work identified in this application and that the statements made   ☒ authorized agent of __Wayne A. Scherger__
by me in this application are correct to the best of my knowledge           Name of author or other copyright claimant, or owner of exclusive right(s) ▲

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date
Suzanne C  Cummings, Esq                                    Date ▶ May 19, 2003

Handwritten signature (X) ▼
X _[signature]_

| Certificate will be mailed in window envelope to this address | Name ▼<br>Suzanne C  Cummings, Esq | **9** |
|---|---|---|
|  | Number/Street/Apt ▼<br>23 Walkers Brook Drive |  |
|  | City/State/ZIP ▼<br>Reading   MA   01867 |  |

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2,500

U S Government Printing Office  2000-461 113/20 021

# Spring is Here, It's Time to Paint!



Glenn A. Baker
6 Oak Hill Rd.
Needham, MA 02492-4032

35 Years of
Painting Excellence

Dear Neighbor,

At JTC & Company, Inc. we are about to begin our 35th painting season. We are one of the largest, best quality painting and decorating companies in the industry. We have the experience to handle all of your interior and exterior painting and decorating needs, no matter how large or small. Our Five Star Service is guaranteed!

★ **CSF2**
**C**lient **S**atisfaction **F**irst and **F**oremost. We treat all our customers like family. We believe in building lasting relationships, and take great pride in our repeat business.

★ **Experience**
We have been in business for over 35 years. Our staff draws on multiple generations of experience and specializes in identifying and solving the cause of your painting problems.

★ **Quality**
Our crews are experienced painting professionals, who understand that quality comes first. We specialize in the restoration of older homes and accenting period details. We use top quality products and tools to ensure that your job will last.

★ **Clean & Courteous**
Our staff works quickly and efficiently from start to finish to ensure a timely completion of your project. Job sites are cleaned daily upon completion and our staff is always courteous.

★ **Full Service**
Painting is just a part of what we do, JTC & Company is a design and build firm. Our custom home building and renovation divisions have access to a large network of subcontractors that includes plumbers, electricians, HVAC contractors and more!

Work may be scheduled any time in 2003. Please call for a **FREE ESTIMATE TODAY** at **781-235-9488**. We look forward to adding you to our list of satisfied customers!

Sincerely,

Jon M. Callahan
Massachusetts Home Improvement Contractor #119619
Construction Supervisor license #061651

★ *Two-Year Warranty*

★ *Local References*

★ *Fully Insured*

★ *Committed to Excellence*

★ *Professional, Courteous Staff*

★ *Specializing in Restoration & Period Details*

## Call Today for a FREE Estimate
**781-235-9488**



**YES! I am Interested in a FREE painting estimate**