UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

WAYNE A. SCHERGER,  
   d/b/a PROTECT PAINTERS  
      Plaintiff  

v.  

SCOTT ESTABROOKS and  
JTC & COMPANY, INC.  
      Defendants  

CIVIL ACTION
NO. 04-12039-WGY

## DEFENDANT SCOTT ESTABROOKS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT ON COUNT I OF COMPLAINT IN LIGHT OF PENDING ARBITRATION PROCEEDINGS, OR, IN THE ALTERNATIVE, (1) MOTION TO STAY CASE PENDING COMPLETION OF PENDING ARBITRATION PROCEEDINGS (2) MOTION TO COMPEL PLAINTIFF TO SEEK TO ASSERT CLAIMS SET FORTH IN COUNT I OF COMPLAINT IN PENDING ARBITRATION PROCEEDINGS AND (3) MOTION FOR MORE DEFINITE STATEMENT

Defendant Scott Estabrooks (hereinafter, "Estabrooks") hereby moves this Court to dismiss Count I of Plaintiff's Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(1 and 6) where, (1) in a signed Franchisee Agreement, Plaintiff and Estabrooks agreed to submit a broad range of disputes, including, without limitation, the claims which Plaintiff seeks to allege here, to arbitration, and therefore this Court lacks subject matter jurisdiction over Plaintiff's claims, (2), after Plaintiff filed a Complaint arising out of the same set of facts in Middlesex Superior Court, *Wayne A. Scherger d/b/a Protect Painters v. Scott Estabrooks and JTC & Company, Inc.*, Middlesex (Massachusetts) Superior Court, Civil Action No. 03-3440, a matter which remains pending, the parties submitted their dispute to arbitration, a matter which also remains pending, and, as a result, Plaintiff has failed to state a claim in this forum, and (3) to permit Plaintiff's claims to proceed against Estabrooks in this forum, in light of the pending arbitration and the

pending Middlesex Superior Court action, risks inconsistent results and forces Estabrooks to defend himself in multiple forums, through no fault of his own, all of which is strongly suggestive of forum shopping and is extremely costly and unduly prejudicial to Estabrooks. In the alternative, to the extent that this Court is not inclined to dismiss Plaintiff's claims, Estabrooks respectfully requests that this Court (1) stay the within action pending the completion of the pending arbitration proceedings, (2) compel Plaintiff to assert in the pending arbitration proceedings the claims she wrongfully seeks to allege here, and (3) order Plaintiff, pursuant to Fed.R.Civ.P. 12(e) to submit a more definite statement so that Estabrooks will know the dates on which he allegedly committed any wrongdoing. To the extent necessary, Estabrooks asks that this Court grant summary judgment in his favor and against Plaintiff on Count I.

Estabrooks relies upon the memorandum of law and the Affidavit of John J. Burke filed herewith.

**WHEREFORE**, for the above reasons, Defendant Scott Estabrooks hereby respectfully requests that this Court GRANT the within motion and DISMISS Count I of Plaintiff's Complaint. In the alternative, Defendant Scott Estabrooks respectfully requests that this Court STAY the within matter pending a ruling on the pending arbitration proceedings, at which Plaintiff may seek to allege the claims set forth in Count I of the Complaint. In the alternative, Estabrooks respectfully requests that this Court order Plaintiff to provide a more definite statement of his claims within ten days.

The Defendant
Scott Estabrooks
By His Attorney,

John J. Burke
Law Offices Of John J. Burke, LLC
30 Massachusetts Avenue, #2
North Andover, MA 01845
(978) 681-1570

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, John J. Burke, Esq., counsel to Defendant Scott Estabrooks, hereby certify that on December 20, 2004 at approximately 12:25 p.m., I spoke by telephone with Cheri L. Crow, Esq., counsel to Plaintiff, in order to inform her of the filing of the within motion and in a good faith effort to resolve the issues set forth herein.

_____
John J. Burke

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on December 20, 2004.

_____
John J. Burke