UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE A. SCHERGER, ) <br> ) <br> d/b/a PROTECT PAINTERS ) <br> Plaintiff ) <br> ) <br> v.  ) <br> ) <br> SCOTT ESTABROOKS and ) <br> JTC & COMPANY, INC. ) <br> Defendants ) <br> _____) | CIVIL ACTION <br> NO. 04-12039-WGY |

**DEFENDANT SCOTT ESTABROOKS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT ON COUNT I OF COMPLAINT IN LIGHT OF PENDING ARBITRATION PROCEEDINGS, OR, IN THE ALTERNATIVE, (1) MOTION TO STAY CASE PENDING COMPLETION OF PENDING ARBITRATION PROCEEDINGS, (2) MOTION TO COMPEL PLAINTIFF TO SEEK TO ASSERT CLAIMS SET FORTH IN COUNT I OF COMPLAINT IN PENDING ARBITRATION PROCEEDINGS AND (3) MOTION FOR MORE DEFINITE STATEMENT**

FACTS[1]

1.  **The Facts Alleged in the Federal Court Action[2]**

On September 22, 2004, Plaintiff Wayne A. Scherger d/b/a Protect Painters filed a Complaint against Defendants Scott Estabrooks and JTC & Company, Inc. (the "Federal

---

[1] Defendant Estabrooks sets forth the facts as set forth in the Complaint solely for purposes of opposing the within motion to dismiss. Estabrooks reserves the right to contest the alleged facts at trial.

[2] To the extent that this Court deems the within motion to be a motion for summary judgment, Defendant Estabrooks is required to submit a statement of material facts of record as to which the moving party contends there is no genuine issue to be tried, along with page references, pursuant to Local Rule 56.1. At this point, Defendant Estabrooks does not seek summary judgment in its favor based upon the underlying facts in this case; instead, he seeks summary judgment in his favor with regard to whether Plaintiff was obligated to assert her copyright claims in the pending arbitration.

Complaint"). The Federal Complaint includes, without limitation, the following pertinent allegations against Estabrooks.

On September 19, 1999, Estabrooks signed a Franchise Agreement with Protect Painters which would be in effect from January 1, 2000 through December 31, 2002. (Federal Complaint, ¶7). Before the agreement expired, Estabrooks informed Protect Painters that he did not wish to renew the Franchise Agreement and that he would not be working in a competitive painting business. (Fed. Comp., ¶10). After the expiration of the Franchise Agreement, Estabrooks began working for JTC & Company, Inc., a painting and decorating company that directly competes with Protect Painters in Massachusetts. (Fed. Comp., ¶¶11, 12). Estabrooks continues to work in the painting aspect of JTC's business in the area within what was his franchise territory while he worked for Protect Painters. (Fed. Comp., ¶13).

Plaintiff claims that the restrictive covenants in the Franchise Agreement are reasonable and necessary to protect the legitimate business interests of Protect Painters and its franchisees. (Fed. Comp., ¶20). Plaintiff further claims that said covenants are reasonable in time and geography. (Fed. Comp., ¶21).

Protect Painters uses a copyrighted advertising brochure that it mass mails to potential customers in Massachusetts. (Fed. Comp., ¶30). According to the Federal Complaint, Estabrooks shared confidential information belonging to Protect Painters with JTC, "such as the identity of Protect Painters' mailing house, with whom Protect Painters had had a relationship for years. (Fed. Comp. ¶28). The Complaint fails to state the date on which Estabrooks shared said information, and so Estabrooks is uncertain as to whether the alleged date of wrongdoing occurs before or after June 3, 2003, the date on which the advertising materials allegedly became registered, according to Exhibit 2 to the Federal Complaint. "Estabrooks provided JTC with

copyrighted advertising material belonging to Protect Painters for JTC to copy and use in violation of his Franchise Agreement." (Fed. Comp., ¶32). According to the Federal Complaint, when one compares the brochures, there are numerous similarities. (Fed. Comp., ¶34).

The Federal Complaint alleges one count against Plaintiff. That count, entitled "Copyright Infringement," alleges, in essence, that Estabrooks copied Protect Painters' copyrighted work in substantial part and provided it to JTC for use in its business. (Fed. Comp., ¶40).

### 2.    **The State Court Action**

On August 19, 2003, more than one year *before* the date on which Plaintiff filed the Federal Complaint, Plaintiff filed an action in the Middlesex Superior Court, Civil Action No. 03-3440 (hereinafter, the "State Court Action"), alleging various claims against Defendants Scott Estabrooks and JTC & Company, Inc. arising out of allegations that Defendant Scott Estabrooks had violated the terms of the Franchisee Agreement with Plaintiff by, among other things, working on painting jobs for Defendant, JTC & Company, Inc., after leaving the employ of Plaintiff. (See copy of docket entries for State Court Action attached as **Exhibit A** to Affidavit of John J. Burke ("Aff. Burke"), and copy of State Complaint attached as **Exhibit B** to Aff. Burke). The Complaint includes, in relevant part, claims against Estabrooks for breach of contract, including, without limitation, claims that Estabrooks violated the terms of the Franchisee Agreement "by competing with Protect Painters and its franchisees," "by soliciting business from clients of Protect Painters and its franchisees," and by using and revealing trade secrets and confidential business information of Protect Painters. The State Complaint further alleges that Estabrooks misappropriated trade secrets and confidential business information.

The two Complaints are strikingly similar. Most of the factual paragraphs alleged in the State Complaint appear in identical form in the Complaint filed in the within action (the "Federal Complaint"). Other factual paragraphs set forth in the State Complaint appear in substantially the same form in the Federal Complaint with minor changes.

### 3. The Arbitration Proceedings

Plaintiff attaches an excerpt from the Franchise Agreement to both the State Complaint and the Federal Complaint. Paragraph 12 of the Franchise Agreement provides as follows:

> **Arbitration**: Any controversy or claim arising out of, or relating to, this Appendix III or breach thereof shall be settled by arbitration, in accordance with the governing rules of a recognized arbitration association. Any hearing shall take place before a recognized arbitration association located in Boston, Massachusetts with the cost thereof being paid equally by all parties involved.

Appendix III refers to the "Restrictive Covenants," including, without limitation, the non-competition, non-disclosure and non-solicitation provisions contained therein.

In August, 2004, Plaintiff and Estabrooks submitted their disputes to the American Arbitration Association for arbitration proceedings in accordance with Appendix III of the Franchise Agreement. (See **Exhibit C** to Aff. Burke). Those proceedings remain pending.

To recap, in August, 2003, Plaintiff filed the State Complaint. In August, 2004, Plaintiff and Estabrooks submitted their claims to arbitration. In September, 2004, Plaintiff filed the within action.

### ARGUMENT

### 1. The Standard of Review

In ruling on a Rule 12(b)(6) motion, the Court "must accept as true all well-pleaded allegations in the nonmovant's complaint and must draw all reasonable inferences in favor of the nonmovant." *Orton v. Parametric Technology*, 2004 WL 2475330 (D.Mass. 2004). *See, e.g.,*

4

*Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir.1999). A court may dismiss a case only if there is no set of facts which would justify recovery. *Id.*

To the extent that this Court deems the within motion to be a motion for summary judgment, the Court must examine whether, taking the facts in the light most favorable to the non-moving party, there are genuine issues of material fact which preclude the entry of summary judgment as a matter of law. Fed.R.Civ.P. Rule 56; see *Jefferson Ins. Co. v. Roberts*, 2004 WL 2830246 (D.Mass. 2004).

### 2.   This Court Should Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) Where, Since Plaintiff and Estabrooks Agreed to Submit Their Disputes, Including, Without Limitation, the Copyright Infringement Claims at Issue Here, to Arbitration, This Court Lacks Subject Matter Jurisdiction Over the Within Matter.

The first question for this Court to consider is whether to enforce the arbitration agreement between the parties. There is a strong public policy in Massachusetts and at the federal court level in favor of enforcing arbitration clauses. *Barnstead v. Ridder*, 39 Mass.App.Ct. 934, 935, 659 N.E.2d 753, 754-55 (1996); *Volt Info. Sciences, Inc. v. Leland Stanford Univ.*, 489 U.S. 468, 475-76 (1989). The question as to whether the parties have agreed to arbitrate is one for judicial determination. *Raytheon Co. v. Donovan*, 208 F.Supp.2d 99, 104 (D. Mass. 2002). A party cannot be required to participate in an arbitration with regard to any dispute which he has not agreed to submit to arbitration. *Id.* at 103-04. Nonetheless, there is a presumption in favor of arbitration under which the Court should not deny an order to arbitrate unless "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.*

In the case at bar, the parties broadly agreed to submit "any controversy or claim arising out of, or relating to, this Appendix III or breach thereof shall be settled by arbitration...." Appendix III is a three page document which discusses the non-competition, non-disclosure and non-solicitation provisions of the Franchise Agreement. In particular, in the non-disclosure portion of the Franchise Agreement, Estabrooks agreed, in essence, not to disclose to any third party any confidential information he obtained while a Franchisee. He further promised to return a variety of materials to Plaintiff. He agreed not to compete with Plaintiff's business and he agreed not to solicit business from Plaintiff's customers.

Assuming, without conceding, that Plaintiff's allegations are correct, then Estabrooks provided copyrighted information to his employer for use in its business. That allegedly wrongful conduct falls squarely within the scope of the arbitration agreement, especially when one considers the policy in favor of enforcing arbitration agreements. There certainly has been no waiver of arbitration rights by Estabrooks, especially where the parties have submitted claims to the American Arbitration Association. Given the binding nature of the arbitration agreement, this Court lacks subject matter jurisdiction over the claims. As a result, this Court should dismiss the within action (or grant summary judgment in favor of Estabrooks against Plaintiff) so that the parties may seek to resolve their differences in the agreed-upon forum.

**3.     This Court Should Grant the Motion to Dismiss/Motion for Summary Judgment Where, to Permit Plaintiff's Claims to Proceed Against Estabrooks in this Court, in Light of the Pending Arbitration Risks Inconsistent Results, is Unfair and Forces Estabrooks to Incur Excessive Legal Fees in Order to Defend Himself in Several Forums Simultaneously.**

For this Court to refuse to honor the terms to which the parties have agreed leaves the parties battling simultaneously in effectively three different places: federal court, state court and the arbitration. The rulings which flow from each of those courts may be inconsistent, thus

6

risking circumstances under which a party may not be able to follow an order of one of the governing bodies without violating an order from another governing body.

In the Federal Complaint, Plaintiff relies upon virtually the same factual assertions as set forth in the State Complaint to seek to assert copyright claims pursuant to 17 U.S.C. §501 et seq. Under 28 U.S.C. §1338, this Court has original and exclusive jurisdiction over such claims. As a result, even in the absence of the arbitration agreement, Plaintiff would be precluded from asserting the federal copyright claims in state court. It is not the fault of Estabrooks, however, that Plaintiff failed to bring his state claims as pendent claims in the within action, thus bringing all of the claims together. Since the state claims are now the subject of an arbitration action, fairness dictates that these "new" claims also be made a part of the arbitration action, rather than forcing Estabrooks to have to defend this latest action.

Moreover, given the fact that the arbitration proceedings are pending, and where it is highly likely that the arbitration proceedings will be completed before the within matter goes to trial, the final award of the arbitrator will have a *res judicata* effect on the claims asserted here. *Reeves v. Tarvizian*, 351 F.2d 889 (1st Cir. 1965)(Plaintiff bound by adverse decision of arbitrators); Restatement (Second) of Judgments §84; *E.W. Audet & Sons, Inc. v. Fireman's Fund Insurance Co. of Newark, New Jersey*, 635 A.2d 1181, 1188 (R.I. 1994)(*res judicata* barred plaintiffs from suing insurance provider when claims previously determined by arbitration). Thus, it would be wasteful to force Estabrooks to incur significant attorney's fees and unnecessary effort defending himself in federal court in a matter which will be resolved in arbitration. If the Court is not inclined to dismiss the Federal Complaint against Estabrooks in its entirety, then Estabrooks respectfully requests that this Court stay the within matter until such

time as the arbitration proceedings are completed and, further, that this Court order Plaintiff to seek to allege the copyright dispute in the pending arbitration proceeding.

### 4. This Court Should Order Plaintiff to Provide a More Definite Statement of Its Claims.

In June, 2003, on the eve of filing the State Complaint, and long after Estabrooks had ceased to work for Plaintiff, Plaintiff copyrighted certain advertising materials. The Federal Complaint fails to mention when Estabrooks allegedly copied Plaintiff's copyrighted work. The Federal Complaint makes no allegation as to when Estabrooks provided the copyrighted work to JTC. If those two alleged events occurred before June 3, 2003, Estabrooks would be able to bring a Rule 12(b)(6) motion alleging that Plaintiff has failed to state a claim as the alleged works were not copyrighted at the time. Estabrooks should not reasonably be required to prepare a responsive pleading until such a more definite statement of Plaintiff's claims are provided. Estabrooks therefore respectfully requests that this Court order Plaintiff pursuant to Fed.R.Civ.P. Rule 12(e) to provide a more definite statement of his claims within ten days or, alternatively, that this Court dismiss Plaintiff's Complaint.

**WHEREFORE**, for the above reasons, Defendant Scott Estabrooks hereby respectfully requests that this Court GRANT the within motion and DISMISS Count I of Plaintiff's Complaint. In the alternative, Defendant Scott Estabrooks respectfully requests that this Court STAY the within matter pending a ruling on the pending arbitration proceedings, at which

Plaintiff may seek to allege the claims set forth in Count I of the Complaint. In the alternative, Estabrooks respectfully requests that this Court order Plaintiff to provide a more definite

statement of his claims within ten days.

The Defendant
Scott Estabrooks
By His Attorney,

*/s/ John J. Burke*

John J. Burke
Law Offices Of John J. Burke, LLC
30 Massachusetts Avenue, #2
North Andover, MA 01845
(978) 681-1570

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I, John J. Burke, Esq., counsel to Defendant Scott Estabrooks, hereby certify that on December 20, 2004 at approximately 12:25 p.m., I spoke by telephone with Cheri L. Crow, Esq., counsel to Plaintiff, in order to inform her of the filing of the within motion and in a good faith effort to resolve the issues set forth herein.

*/s/ John J. Burke*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail on December 20, 2004.

*/s/ John J. Burke*