UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No. 04-12039-WGY

| | |
|---|---|
| WAYNE A. SCHERGER, <br> d/b/a PROTECT PAINTERS <br> *Plaintiff,* <br><br> v. <br><br> SCOTT ESTABROOKS and <br> JTC & COMPANY, INC. <br> *Defendants* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

### DEFENDANT JTC & COMPANY, INC.'S MEMORANDUM
### IN SUPPORT OF ITS MOTION TO STAY

The defendant, JTC & Company, Inc. ("JTC"), through counsel, submits this Memorandum in support of its Motion to Stay the plaintiff, Wayne A. Scherger's ("Scherger") claims against JTC pending arbitration of the claims against defendant Scott Estabrooks ("Estabrooks").

### BACKGROUND FACTS AND PROCEDURAL HISTORY

JTC incorporates by reference the pleading caption as "*Defendant Scott Estabrooks' Motion to Dismiss /Motion for Summary Judgment on Count I of Complaint in Light of Pending Arbitration Proceedings, or, In the Alternative, (1) Motion to Stay Case Pending Completion of Pending Arbitration Proceedings (2) Motion to Compel Plaintiff to Seek to Assert Claims Set Forth in Count I of Complaint in Pending Arbitration Proceedings and (3) Motion for a More Definite Statement,*" the background facts set forth in Estabrooks' accompanying *Memorandum*, and the *Affidavit of John J. Burke*. JTC sets forth the following facts pertinent to its Motion.

The Arbitration Agreement

Scherger and Estabrooks are the parties to a broad binding arbitration agreement (the "Agreement," which is attached to the Burke Affidavit). The Agreement, which is part of a larger franchise agreement, provides as follows: "Any controversy or claim arising out of, or relating to, this Appendix III or breach thereof shall be settled by arbitration, in accordance with the governing rules of a recognized arbitration association."[1] Appendix III lists numerous restrictive covenants with which Estabrooks purportedly had to comply, including not disclosing information (§3), not soliciting customers of the Plaintiff (§4); and returning the Plaintiff's confidential materials (§5).

The Superior Court Case

Scherger brought an action in the Middlesex County of Massachusetts against Estabrooks and JTC. Copies of Scherger's Complaint and the docket sheet are attached to the Affidavit of John J. Burke. Scherger brought claims against Estabrooks that were clearly subject to the arbitration clause. Scherger alleged that Estabrooks went to work with JTC in violation of the Agreement, began soliciting former employees, and improperly used confidential information. Scherger brought claims against JTC for improperly hiring and retaining Estabrooks, using confidential information provided by Estabrooks, improperly using Scherger's advertising brochure, forms and contracts. Scherger brought claims against JTC for (1) interference with a contractual relationship; (2) violation of G.L. c. 93A; and (3) misappropriation of trade secrets.

JTC understands that Estabrooks and Scherger are arbitrating the claims that Scherger brought in the Superior Court of Massachusetts. JTC is not a party to that

---

[1] There is no dispute regarding the authenticity of the Agreement; the Plaintiff attached the same Agreement to its Complaint.

arbitration. JTC understands that the Superior Court case is essentially defunct by agreement of the parties because of the pending arbitration. According to the Docket, it is active; the parties should file a stipulation of dismissal.

The Federal Complaint

Scherger has now filed a federal claim based on the same factual allegations as the Superior Court case. Scherger has listed the same three counts against JTC, but has also added a count for copyright infringement (Count II). Scherger has also raised a copyright count against Estabrooks (Count I).

## ARGUMENT

1. **The Copyright Claim Against Estabrooks is Subject to Arbitration and Must Be Arbitrated.**

This Court has ruled that a broad arbitration clause, absent specific express exclusions, will cover any dispute or claim relating to the agreements or relations between the parties. *Netnumina Solutions, Inc. v. Dietrehab.com, Inc.*, 2001 WL 455842 * 8-9 (D. Mass. 2001) (ruling that a copyright infringement claim would undoubtedly be arbitrable except that it was excluded from arbitration by an express carve out provision in the arbitration agreement). "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage ... Such a presumption is particularly applicable where the clause is broad.'" *Raytheon Company v. Donovan*, 208 F. Supp. 2d 99, 104 (D. Mass. 2002) *quoting Local Union No. 1710 v. City of Chicopee,* 430 Mass. 417, 421 (1999).

The Agreement provides that any claim *arising out of* or *relating to* Estabrooks' restrictive covenants must be arbitrated. The claim against Estabrooks in this Court is not susceptible to an interpretation that the claim is not at least *related to* the Restrictive Covenants. This is especially true when the Plaintiff's Complaint is rife with allegations that Estabrooks violated the restrictive covenants (See paragraphs 15-22). Certainly, it cannot be said "with positive assurance" that the copyright claim does not fall within the scope of the arbitration clause. *Raytheon Company*, 208 F. Supp. 2d at 104.

The fact that the claims against JTC are not subject to mandatory arbitration does not change the enforceability of the Agreement. "Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.* 460 U.S. 1, *20, (1983). Thus, the Plaintiff cannot be heard to complain about "piecemeal litigation." See *Baggesen v. American Skandia Life Assurance Corp.*, 235 F. Supp. 2d. 30, 32 (D. Mass. 2002) (rejecting plaintiff's argument that her claims could not all be resolved in arbitration and the resulting piecemeal litigation militated against compelling arbitration).

2. **The Court Should Use Its Inherent Power and Discretion to Stay the Claims Against JTC, Pending the Arbitration of Scherger's Claims Against Estabrooks, Because Both Claims Are Dependant on the Same Factual Allegations.**

As this Court has stated: "Even without explicit statutory authority to do so, a court, in its sound discretion, may stay any case pending before it as an exercise of its inherent power to control its own docket." *Cannovo v. Enterprise messaging Services, Inc.*, 982 F. Supp. 54, 59 (D. Mass. 1997) *citing Moses H. Cone Mem. Hosp.*, 460 U.S. at 21, n. 23. The *Cannovo* court addressed a case in which some of the claims were clearly

4

arbitrable and some were not, but both involved common issues of fact. The court ordered a stay pending arbitration (contingent on arbitration being commenced) because (1) of the "at least potentially preclusive" effect or issue-narrowing effect of the issues to be decided in arbitration and (2) because the issues to be decided in the arbitration were central to the issues to be decided in the litigation. *Id. See also Netnumina Solutions, Inc.*, 2001 WL 455842 * 10 (staying copy infringement claims pending arbitration of related claims).

The instant case is perfectly analogous to *Cannovo* and *Netnumina Solutions, Inc.* While the copyright claims against JTC are not subject to mandatory arbitration, all of the claims against Estabrooks, including the copyright claim, *are* subject to mandatory arbitration. The issues to be decided in arbitration are potentially preclusive against Scherger or at least could have a limiting effect. *See Bowlby, infra.* Most, if not all, of Scherger's claims against JTC depend upon the enforceability of the Agreement with Estabrooks and the conduct of Estabrooks. For example, if the arbitrator were to decide that the Agreement were unenforceable, this ruling would be binding against Scherger and Scherger would then have no claim against JTC for interference with this purported contractual relationship (Count III). For another example, if the arbitrator ruled that Scherger had no protectable confidentiality interest in any information that Scherger allegedly took, then Scherger could not make a claim out against JTC for misappropriation of trade secrets (Count IV). Finally, if the arbitrator ruled that Scherger had no copyright protection in the subject information, or that Estabrooks did not violate the copyright protection, Scherger would be barred from pursuing its copyright claim against JTC (Count II).

As the United States Supreme Court has stated, "In some cases...it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration." *Moses H. Cone,* 460 U.S. at 21 n. 23. That is exactly what this Court did in *Baggesen v. American Skandia Life Assurance Corp.*, 235 F. Supp. 2d. 30, 32 (D. Mass. 2002). In that case, the plaintiff made claims against an insurance company and a securities company based on representations of a common agent. The claims against the insurance company were <u>not</u> subject to mandatory arbitration. *Id.* at 32. The claims against the securities company <u>were</u> subject to arbitration. *Id.* at 32-33. The Court reasoned that since all of the plaintiff's allegations against both defendants involved the actions of their common agent, the factual and legal underpinnings of the two claims were substantially similar. *Id.* Thus, because the disposition of the arbitration could affect the disposition of the non-arbitrable claims, the court exercised its discretion to stay the entire case pending completion of arbitration.

Thus, this Court should use its inherent powers to stay the claims against JTC pending arbitration of the claims against Estabrooks. The court's authority to use its inherent powers to stay a case pending arbitration of arbitrable matters is "well established." *Bowlby v. Carter Mfg. Corp.*, 138 F.Supp.2d 182, *188 (D.Mass.,2001) (and cases cited). S*ee also Moses H. Cone,* 460 U.S. at 21 n. 23. Much like the *Cannovo* and *Baggensen* courts, the *Bowlby* court determined that it should exercise such discretion because of (1) "concern for judicial economy supports resolving this dispute in a single forum," and (2) "the potential for preclusive effect in this federal proceeding of a decision by the arbitrator..." <u>Bowlby,</u> 138 F. Supp. at 188. The same concerns are

present here and JTC respectfully suggests that judicial economy will be served by a stay of the claims against JTC.

For the foregoing reasons, JTC's Motion should be allowed. A proposed Order is filed herewith.

                                         JTC & COMPANY, INC.,

                                         *By its attorneys,*

                                         MORISI & OATWAY, P.C.

Dated: 1/12/05

Andrew C. Oatway BBO #561885
Adam P. Whitney BBO #637777
MORISI & OATWAY, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885

## LOCAL RULE 7.2 CERTIFICATION

I, Andrew C. Oatway, Esq., counsel for Defendant JTC & Company, Inc., hereby certify that on January 7, 2005 at approximately 2:00 p.m., I spoke by telephone with Cheri L. Crow, Esq., counsel for the Plaintiff, in a good faith effort to narrow or resolve the within Motion.

## CERTIFICATE OF SERVICE

I hereby certify on this day that a true copy of the within document was served upon the attorney of record for each party by hand/overnight courier/US Mail/fax.

Date: 1/12/05