UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12039-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| WAYNE A SCHERGER, | \* |
| D/B/A PROTECT PAINTERS | \* |
| Plaintiff | \* |
|  | \* |
| v. | \* |
|  | \* |
| SCOTT ESTABROOKS and JTC & COMPANY, INC., | \* |
| Defendants | \* |
|  | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OPPOSITION TO DEFENDANT SCOTT ESTABROOK'S MOTION TO DISMISS /MOTION FOR SUMMARY JUDGMENT

Plaintiff Wayne Scherger d/b/a Protect Painters ("Protect Painters") has filed suit against Defendant Scott Estabrooks ("Estabrooks") claiming that he has infringed upon Plaintiff's copyrighted work. See Complaint Count I. Estabrooks has moved to dismiss the complaint against him or to stay the proceedings.

The first grounds for dismissal set forth by Estabrooks is that the court should enforce the arbitration provision in the franchise agreement. Protect Painters is not attempting to avoid arbitration. It has instituted arbitration as to those matters covered by the arbitration provision.

The copyright infringement claim is not one of those matters. Therefore, this Court would not be enforcing the arbitration provision by dismissing a claim that is not covered by the arbitration provision.

The copyright infringement claim does not "arise out of or relate to" Appendix III of the Franchise Agreement which contains the non-competition, non-disclosure and non-solicitation provisions. Whether Estabrooks was a signatory to the franchise agreement or not does not change Protect Painters' copyright rights and Estabrooks' obligations under the law with regard to such copyrights. A court in interpreting disputed contract language asks what reasonable persons in the position of the parties would ordinarily have intended by using the words in question in the circumstances. *Fit Tech v. Bally Total Fitness Holding Corp.*, 374 F.3d 1 (1st Cir. 2004); 2 *Farnsworth on Contracts* §§ 7.9, 7.10 (3d ed. 2004). By this test, referring the copyright issues to an arbitrator makes no sense where copyright is a specialized area of law that does not arise out of this contract.

Moreover, it is Protect Painters' position that the arbitrator cannot have jurisdiction over the copyright claims. Federal law provides for original and exclusive jurisdiction over copyright claims in the federal district courts. 28 U.S.C. § 1338. Unless Protect Painters' explicitly gave up its rights to pursue such claims in federal court, that right should not be taken away from it.

Even if the arbitrator could have such jurisdiction, there is nothing in the language of the arbitration clause of the franchise agreement that requires Protect Painters' to bring copyright infringement claims to arbitration. Although the copyright infringement relating to Estabrooks did occur against the background of the franchise relationship between Estabrooks and Protect

2

Painters, it does not arise out of the franchise agreement. Protect Painters should not be forced to pursue its copyright claim which is a specialized area of federal law before an arbitrator who has been chosen for his knowledge and experience in the area of non-competition and franchise-related matters, not copyrights.

Estabrooks also claims that the outcome of the arbitration matter regarding Estabrooks' alleged breaches of the franchise agreement's restrictive covenants will have a *res judicata* effect upon this case. This is untrue. Protect Painters' claims of copyright infringement will not be affected one way or the other by the outcome of the arbitration claims against Estabrooks. Those claims involve Estabrooks' alleged violations of his franchise agreement and breaches of confidentiality and non-competition obligations. The copyrighted works that were copied were advertising documents and documents provided to customers/potential customers. The claims in arbitration that Estabrooks revealed trade secrets and confidential business information are separate and distinct from Protect Painters' claim in this court that Estabrooks infringed upon its copyright. Even if Estabrooks were to prevail at arbitration on the issues that he violated his non-compete, non-solicitation and confidentiality obligations to Protect Painters, the issue as to whether or not Estabrooks infringed upon Protect Painters' copyright would still exist.

In order for the arbitration to have a *res judicata* effect on the copyright claims, both proceedings would have to involved the same issues of law or fact, the issue would have to be actually litigated in the arbitration, and the resolution of the issue of law or fact would have to be essential to the arbitrator's decision. See In Re Bankvest Capital Corp., 375 F.3d 51 (1st Cir. 2004); *Monarch Life Ins. Co.* v. *Ropes & Gray,* 65 F.3d 973, 978 (1st Cir. 1995); Restatement

3

(Second) of Judgments § 27 (1982). The issues of fact and law are not the same, will not be litigated in the arbitration and are not essential to the arbitrator's decision. Thus, the arbitrator's decision will not have a *res judicata* effect on this case. For this reason, there is also no reason to stay these proceedings.

Estabrooks attempts to claim that since the state court claims were not brought as "pendent" claims in this action, the "new" copyright claim should be made a part of the arbitration matter. This makes no sense. First, the state court action did not make any allegations of copyright infringement because the state court does not have jurisdiction to hear such claims. See 28 U.S.C. § 1338. Secondly, the "state court claims" could not be brought in this court since they are governed by the arbitration provision that Estabrooks claims also governs the copyright infringement claims here. (This argument by Estabrooks conflicts with his prior reasoning regarding the arbitration provision).

It is important to point out that although Estabrooks refers to the state court matter initially brought by Protect Painters, it was instituted to pursue a preliminary injunction against the defendants. Attorney John Burke who represents Estabrooks in this matter represents both Estabrooks and JTC in the state court matter. He moved to dismiss the case and when the court denied the motion on the grounds that it should have been a motion to enforce arbitration, Attorney Burke and Attorney Crow representing Protect Painters agreed that arbitration would be brought against Estabrooks and that a federal action was going to be brought against JTC and that once those actions were successfully instituted, the state court matter would be dismissed. Thereafter, the arbitration matter against Estabrooks was begun and this case was instituted

4

against Estabrooks (as to copyright infringement only) and defendant JTC & Company, Inc. (on copyright infringement and pendent claims). Once this motion is resolved, Protect Painters can dismiss the state action either with all parties voluntarily doing so or with the court's permission.

Estabrooks also seeks a more definite statement of Protect Painters' claim against him. He asserts that Protect Painters first copyrighted its work in June 2003. Estabrooks misunderstands the copyright laws. Protect Painters had a protectable copyright in its written materials as soon as they were first published. See 17 U.S.C. § 104(b)(1). This federal case alleging copyright infringement, however, could not be brought until Protect Painters' formal registration of its copyright was accomplished since formal registration is a jurisdictional prerequisite for bringing an infringement suit for works originating in the United States. See 17 U.S.C. § 411(a). Thus, registration does not create the copyright. Once registration of a copyright has take place, suit can be brought for all infringing acts occurring both before or after registration. See *International Trade Management, Inc. v. United States*, 553 F. Supp. 402 (Cl. Ct. 1982). The date of formal copyright registration does not impact whether or not Protect Painters' materials were copyrighted or whether the copyright was infringed, it merely impacts a party's ability to pursue certain remedies. See 17 U.S.C. § 412. Thus, Estabrooks does not need a more definite statement at this time. The allegations of the complaint sufficiently put him on notice as to the allegations against him.

CONCLUSION

For all of the reasons set forth above, Defendant Scott Estabrooks' motions should be denied.

Wayne A. Scherger d/b/a Protect Painters
By his Attorney,

Cheri L. Crow, Esq.  BBO #106830
23 Walkers Brook Drive
Reading, MA  01867
(781) 944-8470

CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., attorney for Plaintiff Wayne Scherger d/b/a Protect Painters, do hereby certify that on this 24th day of January, 2004, I served the foregoing pleading upon all parties by mailing a copy of same, postage prepaid, to:

John J. Burke, Esq.
Law Offices of John J. Burke, LLC
30 Massachusetts Avenue #2
North Andover, MA  01845

Andrew C. Oatway, Esq.
Morisi & Oatway, P.C.
1400 Hancock Street, Third Floor
Quincy, MA  02169-5203

Cheri L. Crow

6