UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No. 04-12039-WGY

| | |
|---|---|
| WAYNE A. SCHERGER, <br> d/b/a PROTECT PAINTERS <br> *Plaintiff*, <br> <br> v. <br> <br> SCOTT ESTABROOKS and <br> JTC & COMPANY, INC. <br> *Defendants* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**JOINT STATEMENT PURSUANT TO
FRCP 26(f) AND LOCAL RULE 16.1(D)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(B), counsel for the parties certify that they conferred on February 14, 2005 concerning, among other things, preparing a proposed pretrial schedule for the case, including a plan for discovery, considering whether the parties will consent to a trial by magistrate judge and the possibility of a settlement of the case. The parties hereby set forth below their joint statement pursuant to Rule 26(f) and Local Rule 16.1(D).

The parties wish to bring two preliminary matters to the Court's attention:

1. The schedule set forth below would not permit the case to be placed upon the court's trial list by May 2, 2005 (as indicated in the Clerk's Electronic Notes entered on the docket on January 31, 2005). While the parties wish to comply with the Court's direction, they were unable to compress a discovery and dispositive motion schedule into that time frame. The schedule set forth below is the parties' good faith attempt to comply with the Court's direction and allow sufficient time for discovery and dispositive motions.

2.      The parties believe that the Clerk's Electronic Notes, entered on the docket on January 31, 2005, are at variance with the Court's oral ruling from the bench at the hearing on the motions to stay, motion for more definite statement, motion to dismiss, and motion for summary judgment on January 27, 2005. This ruling will seriously impact how this case is litigated. In fact, the ruling implicates whether the sole claim against Defendant Scott Estabrooks will go forward or whether it is stayed. The parties cannot effectively conduct discovery without clarification. The parties will be filing a joint motion for clarification.

A.      <u>Pre-Discovery Disclosures</u>

The parties agree to exchange all automatic disclosure statements and documents required under Local Rules 26.1(B) and 26.2(A) by March 4, 2005.

B.      <u>Subject Matter of Discovery</u>

Pending clarification of the Court's January 27, 2005 order, discovery should be limited to the plaintiff's copyright claims, defendants' defenses, and damages.

C.      <u>Proposed Discovery Plan and Motion Schedule</u>

The parties agree that, consistent with Local Rule 26.1(C) each party shall be limited to a maximum of: (i) five (5) depositions; (ii) thirty (30) interrogatories to each party; (iii) twenty-five (25) requests for admission; and (iv) two (2) separate sets of requests for production to each party. The parties further agree that conducting discovery in phases would not be desirable or efficient in this case. The parties respectfully propose the following discovery and motion schedule:

| Deadline | Event |
| --- | --- |
| February 14, 2005 | File Joint Statement Pursuant to Rule 26(f) and Local Rule 16.1(D) |

| | |
|---|---|
| March 4, 2005 | Exchange Initial Disclosures |
| March 18 2005 | All written discovery served; |
| April 1, 2005 | last day for plaintiff to identify experts |
| May 1, 2005 | last day for defendants to identify experts |
| June 3, 2005 | All depositions completed; |
| July 17, 2005 | All dispositive motions with supporting documents to be served and filed. |
| August 1, 2005 | All oppositions to dispositive motions with supporting documents to be served and filed. |

A pretrial conference and all dates following such pretrial conference may be scheduled at the Court's discretion.

D. <u>Settlement</u>

The parties have had preliminary discussions regarding settlement and the plaintiff's counsel indicates her client is not prepared to make a settlement demand until the plaintiff has conducted some discovery.

E. <u>Trial By Magistrate Judge</u>

The parties do not consent to trial by Magistrate Judge.

F. <u>Consent to Court-Ordered Alternate Dispute Resolution</u>

The parties do not consent to court-ordered alternate dispute resolution at this time. Both parties are prepared to reconsider the appropriateness of alternate dispute resolution at the close of discovery.

G. <u>Certification of Counsel Under Local Rule 16.1(D)(3)</u>

All parties are in the process of obtaining the certifications required by Local Rule 16.1(D)(3) and will file them with the Court forthwith.

WAYNE A. SCHERGER d/b/a
PROTECT PAINTERS

*By his attorney,*

CHERI L. CROW, ESQ.

/s/ Cheri L. Crow
Cheri L. Crow
CHERI L. CROW, ESQ.
23 Walkers Brook Drive
Suite 40
Reading, MA 01867
Tel: (781) 944-8470
Fax: (781) 944-8495


SCOTT ESTABROOKS

*By his attorney,*

LAW OFFICES OF JOHN J. BURKE, LLC

/s/ John J. Burke
John J. Burke
LAW OFFICES OF JOHN J. BURKE, LLC
30 Massachusetts Avenue, #2
North Andover, MA 01845
Tel: (978) 681-1570

JTC & COMPANY, INC.,

*By its attorneys,*

MORISI & OATWAY, P.C.

/s/ Adam P. Whitney
Andrew C. Oatway BBO #561885
Adam P. Whitney BBO #637777
MORISI & OATWAY, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885