UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No. 04-12039-WGY

| | |
|---|---|
| WAYNE A. SCHERGER, | * |
| d/b/a PROTECT PAINTERS | * |
| *Plaintiff*, | * |
| | * |
| v. | * |
| | * |
| SCOTT ESTABROOKS and | * |
| JTC & COMPANY, INC. | * |
| *Defendants* | * |

**DEFENDANT JTC & COMPANY, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The defendant, JTC & Company, Inc. ("JTC"), through counsel, moves for entry of summary judgment on Count II of the Complaint for copyright infringement. JTC should be awarded summary judgment on the grounds that, after removing the non-protectible portions of ProTect's alleged copyrighted mailer, JTC's mailer is not substantially similar. Any impression of similarity between the two works rests only upon similarities as to elements that are not protected by copyright law. Thus, Protect cannot meet its heavy burden of showing near identicality between its copyrighted material and the alleged infringing material. JTC's motion for summary judgment on Count II should therefore be allowed.

### I. PROCEDURAL HISTORY AND STATEMENT OF THE CASE

Wayne A. Scherger d/b/a ProTect Painters ("ProTect") filed this action against JTC and Scott Estabrooks ("Estabrooks") on September 22, 2004. ProTect brought copyright claims against Estabrooks and JTC [Counts I and II respectively]. ProTect also brought three state law claims against JTC: interference with a contractual relationship

[Count III]; violation of G.L. c. 93A [Count IV]; and misappropriation of trade secrets [Count V]. The Court stayed all claims other than the copyright claims [Counts I and II] pending the outcome of a related arbitration between ProTect and Estabrooks [See January 27, 2005 Clerk's Notes on Docket, Parties' Joint Motion for Clarification and Court's allowance of same on March 2, 2005].

## II. SUMMARY OF FACTS

The facts of this case are simple and straightforward. A concise statement of material facts is included in JTC's Motion for Summary Judgment. For purposes of this Motion, most of ProTect's alleged facts can be taken to be true. ProTect alleges that it was the original creator of a painting advertising mailer ("ProTect Mailer"), [Complaint ¶ 30]. The Court can assume this to be true for purposes of this Motion. A copy of ProTect's Mailer is attached to the accompanying Motion as **Exhibit A** (ProTect provides a copy of its alleged Mailer with its Complaint at Exhibit 2).

ProTect alleges that it created and first published its Mailer in March 1996. ProTect alleges that it filed for copyright protection for the ProTect Mailer in May 2003, seven years after it first published it. [Complaint Ex, 3]. JTC does not dispute these facts for summary judgment purposes.

ProTect alleges that JTC copied its Mailer by producing a similar Mailer (the "JTC Mailer"), a copy of which is attached to the accompanying Motion as **Exhibit B**. [Complaint ¶33, Exhibit 4]. For summary judgment purposes, the Court can assume that Exhibit 4 to the Complaint was published by JTC.

2

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue is one that reasonably could be resolved in favor of either party, and a "material" fact is one that affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Here, there is no dispute of material fact because JTC bases its Motion solely on the exhibits attached to ProTect's Complaint and the allegations in the Complaint.

Summary judgment may be warranted if the non-moving party rests on "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990); *see also Conward v. Cambridge School Committee*, 171 F.3d 12, 18 (1st Cir. 1999) (refusing, on motion for summary judgment, "to indulge rant speculation or unsupportable hyperbole"). In order to defeat a motion for summary judgment, the party opposing the motion must "present definite, competent evidence to rebut the motion." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994). The non-moving party must show that a trial-worthy issue exists and must point to specific facts that demonstrate the existence of an authentic dispute. *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Anderson*, 477 US at 252.

## IV. ARGUMENT

A.  **PROTECT CANNOT RECOVER ON ITS COPYRIGHT CLAIM BECAUSE, AFTER REMOVING NON-PROTECTABLE ELEMENTS, JTC'S MAILER IS NOT NEARLY IDENTICAL OR SUBSTANTIALLY SIMILAR.**

   1. <u>Standard for Copyright Infringement Claim and the Protected Expression Question.</u>

Unless ProTect can show (1) "protected expression" that (2) TJC copied, making its Mailer "substantially similar," summary judgment must enter. "To prevail on a claim of copyright infringement, the plaintiff must show both ownership of a valid copyright and illicit copying." *Yankee Candle Company, Inc. v. Bridgewater Candle Company, LLC*, 259 F.3d 25, 33 (2001).[1] Assuming (as we do for purposes of this Motion[2]) that ProTect can prove that JTC copied the Mailer, "the plaintiff must prove that the copying of the copyrighted material was *so extensive that it rendered the infringing and copyrighted works substantially similar*." *Id.* (internal quotations and citations omitted, emphasis added).[3]  To analyze whether such copying renders the two works "substantially similar," the court considers <u>only</u> those aspects which it has isolated as protected by law. *Id.*

"A major limitation on what is protectible under the copyright laws is capsulized in the notion that copyright protects the original expression of ideas but not the ideas themselves." *Matthews v. Freedman*, 157 F.3d 25, 27 (1st 1998). "Because of the

---

[1] For the purposes of this Motion only, JTC assumes that ProTect is the owner of a valid copyright.
[2] Protect must prove either through direct or indirect evidence that copying occurred. *Yankee Candle Co. Inc.*, 259 F.3d at 33. JTC, for the purposes of this Motion only, does not contest this point.
[3] The First Circuit explained the dual use of the term "substantially similar" in *Yankee Candle Company, Inc.*, 259 F. 3d. at 33 n. 4. "First, if there is no evidence of actual copying, as is usually the case, a plaintiff may prove that copying occurred by showing access and substantial similarity." *Id.* (citations and quotations omitted). "Second, once copying has been proven, the plaintiff must show that the alleged infringing work is substantially similar to the protected expression in the copywritten work." *Id.* (citations and quotations omitted).

dichotomy between 'idea' and 'expression,' only the 'protected expression' is relevant to an evaluation of substantial similarity." *Yankee Candle Company, Inc.*, 259 F.3d at 33-34.

    2.    <u>Once ProTect's Mailer is Dissected, Little, If Any, of It Is "Protected Expression" and, Thus, Copyright Law is no Bar to Copying.</u>

Because the ideas in ProTect's Mailer merge with the expression, ProTect "has the heavy burden of showing 'near identity' between the works at issue." *Yankee Candle Company, Inc.*, 259 F.3d at 36. Expressions that merge with the idea are not protectible. The U.S. District Court of Puerto Rico aptly described the merger theory of the United States Supreme Court and the First Circuit Court of Appeals as follows:

> It is well-established that copyright law does not protect ideas themselves; it only protects the original expression of ideas. The underlying idea, even if original, cannot be removed from the public realm. When there is only one way to express an idea, that idea is said to "merge" with the expression of the idea and thus prohibit copyright protections. Even when the idea and the expression are not inseparable, there may only be a limited number of ways to express the idea. In these situations, **the burden of proof is heavy on the plaintiff who may have to show 'near identity'** between the works at issue. This showing is necessary because, as ideas and expression merge, fewer and fewer aspects of a work embody a unique and creative expression of the idea; **a copyright holder must then prove substantial similarity to those few aspects of the work that are expressions not required by the idea. Courts must also consider the degree of originality of the subject matter. Expressions of those subjects that are common and everyday often necessarily appear similar to other expressions of the same subject.**

*Rodriguez v. Casa Salsa Restaurant*, 260 F. Supp. 2d 413 at 416-417 (D.P.R. 2003) (emphasis added, internal citations and quotation marks omitted); *see also Matthews*, 157 F.3d at 26. The merger theory is a logical and necessary extension of the statute that provides: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or

discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b)

Thus, the court must "dissect" the copyrighted work to remove those elements that are not protected expression. *Yankee Candle Company, Inc.*, 259 F.3d at 33-34. "By dissecting the accused work and identifying those features which are protected ... [t]he court can also determine ... those aspects of the work that ... should be considered in the ... comparative analysis under the ordinary observer test." *Id. citing Concrete Machinery Co. Inc., v. Classic Lawn Ornaments, Inc.,* 843 F.2d 600, 609 (1st Cir. 1988).

Thus, the Court should analyze this issue as follows: First, the Court should apply the merger doctrine to remove non-protectible elements from the *substantial similarity* analysis; Second, the Court should compare the two Mailers to weigh whether an ordinary observer would view the remaining elements as nearly identical.

When the Court parses out the non-protectible portions of ProTect's Mailer, *if* any protected portions remain, the differences between it and JTC's Mailer greatly outweigh the similarities and, thus, preclude a finding of infringement. *See Matthews*, 157 F.3d at 27-28 (where icons on a t-shirt, arrangement of colors and letters were not literally copied from one t-shirt to the other, there was no infringement). Even where there is similarity in the two expressions of the idea, there is no infringement if the similarity is because "both are expressing the same idea briefly and in straightforward terms and the available variations in wording are quite limited." *Matthews*, 157 F.3d at 28.

Here, the two Mailers are both very simple and straightforward messages that convey much of the same information that most any painting company would convey. Accordingly, there is no copyright violation. *See Morrissey v. Procter & Gamble Co.,*

379 F.2d 675, 678-79 (1st Cir. 1967) (holding that: "When the uncopyrightable subject matter is very narrow, so that 'the topic necessarily requires', if not only one form of expression, at best only a limited number, to permit copyrighting would mean that a party or parties, by copyrighting a mere handful of forms, could exhaust all possibilities of future use of the substance.") (citations omitted). The court concluded that the contest rules were so simple and straightforward that they could only be expressed in one way or a limited number of ways and, thus, were not protected by copyright. *Id.* at 679. The same ruling should apply to this case.

      3.      <u>Dissection of ProTect's Mailer Shows that, After the Removal of Non-Protectible Portions, No Reasonable Ordinary Observer Could Conclude that there Is Near Identity Between the Two Mailers.</u>

Both mailers state at the top that that it is "*time to paint.*" The JTC Mailer is different in that it states, "*Spring is Here, It's Time to Paint!*" Saying that it is time to paint is an idea. There is no way to say it other than saying that it is time to paint. Thus, this is not protected expression because the idea merges with the expression. *See Concrete Machinery*, 843 F.2d at 606. The Court should dissect this element from its analysis.

<u>Introduction Sentence of Mailers:</u>

ProTect's Mailer states that "*Protect Painters is the answer to all of your painting needs.*" This expresses the idea that Protect Painters is a full service painting firm. The idea of being a full service firm is not original and protectible. 17 U.S.C. § 102(b) (there is no copyright protection for concepts). Also, there is no corresponding sentence in the introduction of JTC's brochure. JTC states in its fifth bullet point that it is a "Full Service" firm, but the idea of being a full service firm is not protectible.

The second sentence reads: "*We have become one of the largest painting and decorating companies because we have the experience to handle all of your requirements, no matter how large or small.*" This sentence expresses two ideas: (1) that ProTect is large; and (2) that ProTect can handle large and small projects because it is experienced. The concepts of size and experience are ideas that lend themselves to only a few ways of being expressed. These ideas are merged with the expression and are not protectible under the copyright act. Moreover, JTC's expression of this notion is different than ProTect's. JTC's language does not copy ProTect's language. The *concepts* are not protectible. 17 U.S.C. § 102(b).

Finally, ProTect uses the term "Five Star Service," which JTC also uses. The concept of using stars is a common expression to convey status or quality. Stars are commonly used to rate restaurants, movies, stock portfolios, military rank, etc. A Google search shows thousands of hits for "five star service," including U.S. Bank, Holland America Cruises, a Detroit trash removal company, a car dealership in Minnesota, and perhaps hundreds, if not thousands of others. Presumably, it is the widespread acceptance of this very common, unoriginal expression of "five star" to denote quality upon which ProTect and JTC seek to capitalize. Because the use of stars is one of the limited number of ways to convey the non-protectible concept of quality, the expression merges with the idea and no protection exists. *Matthews*, 157 F.3d at 28 ("the notion of displaying 'boats, fish and a lobster in childlike fashion' is not in itself an expression … although a particular drawing might be").

First Bullet Point:

Even if JTC copied the first bullet point, which it is apparent that it did not, there is no protected expression. ProTect merely conveys the conventional idea of providing good service, an idea conveyed by most every service business.

The differences between the two mailers continue to mount in a comparison of the first bullet point. ProTect states in its first bullet point that it is "*Dependable.*" JTC does not have such a bullet point and does not use the term "dependable" at all. Also under this bullet point, ProTect states that: "*We will return your call promptly;*" JTC makes no such claim. ProTect states that it will "*do a thorough needs analysis with you;*" JTC makes no such expression. ProTect states that it will give the customer "*a detailed written estimate;*" JTC makes no such promise in its bullet point, but merely states at the bottom of the form that it will provide a "*free estimate.*" The concept of providing an estimate or a free estimate is an idea, not an original expression.

Finally, Protect states that "*You can count on us to do the job right the first time – every time!*" JTC makes no such claim, again highlighting the differences in the two mailers.

ProTect's Second Bullet Point

PrtoTect's second bullet point also lacks protected expression. This section is titled "*Quality.*" JTC also has such a bullet point, but "quality" is a concept that cannot be separated from the word "quality," and thus, this is not protected expression. While a view of the two bullet points may lead to the conclusion that the same notion – quality – is being addressed, the underlying idea of quality cannot be copyrighted. *See Palmer v. Braun*, 155 F. Supp. 2d 1327, 1333-34 (M.D. Fl. 2001) (ruling that, although a review of

two passages in a textbook on consciousness may lead to the conclusion that the same notion of transparent beliefs is being discussed, injunctive relief was not warranted because the defendant's expression was not substantially similar to the plaintiffs).

The first sentence in this section states that ProTect's employees *"are experienced, well trained professionals who know that quality comes first."* JTC has a similar sentence in its quality section that uses different wording. There are very limited ways to express the ideas of (1) experience and (2) quality without using the words "experience" and "quality." Thus, the ideas merge into the expression and the expression is not protectible. *Yankee Candle Co., Inc.*, 259 F. 3d at 35-36.

The ProTect Mailer goes on to state that it uses *"only top brands of paint and tools to make your job last."* JTC conveys the same concept in similar language in its third bullet point. Again, there are only a limited number of ways to convey the non-protectible idea of using high quality products and that such products provide a lasting result. Thus, the idea merges with the expression and is not protectible. ProTect cannot obtain a monopoly on the concept that quality products provide a lasting result. *Matthews*, 157 F.3d at 28 (ruling that, even if a sentiment were original, it was not protected because "it would give Matthews a monopoly on the underlying idea if everyone else were forbidden from using a differently worded short sentence to express the same sentiment").

Finally, ProTect states that: *"The greatest proof of this is our long list of satisfied customers."* JTC does not state in its brochure that it has a long list of satisfied customers. JTC does state in its first bullet point that: *"Client satisfaction First and Foremost. We treat all of our customers like family. We believe in building lasting*

*relationships, and take great pride in our repeat business.*" Thus, while both mailers address the concept of customer satisfaction, they do it in very different language. ProTect cannot, of course, copyright the concept of customer satisfaction. 17 US.C. § 102(b) (there is no copyright protection for concepts).

### ProTect's Third Bullet Point

There is no protected expression in this section either. Even so, JTC has no similar bullet point and does not in any way claim to be environmentally friendly like ProTect claims. Thus, there is clearly no copying of this bullet point. Again, this shows that the two Mailers are not nearly identical, but are actually very different.

### ProTect's Fourth Bullet Point

Likewise, any protected expression is absent from the fourth section. This is titled "Clean and Courteous" and states that: "*Our staff work quickly and professionally. We work on your project from start to finish to ensure a timely completion without interruptions. We also believe that our efficiency is enhanced by our neatness and cleanliness which makes the whole job turn out better.*" Thus, this bullet point conveys the concepts of cleanliness, swiftness, professionalism and efficiency. These are all ideas that cannot be copyrighted. JTC expresses some of the same unoriginal ideas in its brochure in different, albeit similar language. However, there are only a limited number of ways to express the concepts of working *quickly* and *efficiently* and being *clean* and *courteous*. These are hardly novel ideas for a painting company. Thus, the concepts merge with the expression and are not protectible. *Yankee Candle Company, Inc.*, 259 F.3d at 35-36. ProTect cannot obtain a monopoly over these basic ideas. *Matthews*, 157 F.3d at 28.

ProTect's Fifth Bullet Point and Return Card

The fifth and final bullet point also lacks protected expression. This is called "Full Service." It states that *"We specialize in residential painting, both interior and exterior."* JTC does not have any such language in its bullet points, although it does state that it "handles interior and exterior painting." Surely, however, ProTect cannot copyright the idea that a painting company does interior and exterior painting. Non-original ideas are not protectible. *Rodriguez,* 260 F. Supp. 2d 413 at 416-417

The fifth bullet point also conveys the idea that ProTect can provide specialized skills such as rough carpentry and interior decorating. JTC conveys that it has access to a large network of subcontractors that includes plumbers, electricians, HVAC contractors and more. JTC's expression of the sentiment that it can handle contracting tasks is different from ProTect's given the limited options available. *Matthews*, 157 F.3d at 28 At most, this is a vaguely similar concept using wholly dissimilar language.

ProTect's fifth bullet point also states that: *"We know you take your painting seriously, and so do we!"* JTC makes no such statement. Thus, the language of the fifth bullet point provides no evidence that the two mailers are nearly identical and, in fact, is evidence of the opposite conclusion.

The fifth bullet point also asks the potential customer to call and set up an appointment or to fill out the enclosed slip. The slip is an attachment that allows the customer to mail it in for a free estimate. JTC's advertisement also includes a return card that allows customers to request a free estimate. The concept of the return card is not an original concept and is therefore not subject to protection. For example, the Court can

take judicial notice that virtually every mass-produced magazine provides a return card to order the magazine.

There is also nothing original in the idea of sending mailers to potential customers and offering a free quote. "[O]riginality is essential as the basis of an action for copyright infringement." *Lewis v. Kroger Co.*, 109 F. Supp. 484, 487 (S.D.W.V. 1952) (allowing defendants' motion to dismiss and ruling that there is nothing original in conducting contests to promote business and stating: "Plaintiff by his copyright cannot prevent defendants from using the same set of conventional ideas, so long as they do not copy, in form or substance, either plaintiff's actual print, or the literary of artistic means used in expressing plaintiff's idea"). The use of a return card to provide a free estimate is a "conventional idea" that is not protectible. *See id.* ("There is certainly nothing original in conducting contests to promote business"). *See Palmer*, 155 F. Supp. 2d at 1332 (Stating that "anyone pursuing the idea of a personality profile would likely use a similar [personality profile] form to elicit the same basic information. These and other mere exemplification of ideas, procedures, or processes are not original works subject to copyright protection"). Similarly, in *Baker v. Selden,* 101 U.S. 99, 100-104 (1879), the Supreme Court ruled that a bookkeeping system with ledger sheets and forms was an idea that was not protected by copyright law.

<u>Layout</u>

Any similarity of the layouts of the two Mailers does not weigh in favor of a finding of substantial similarity. In *J. Thomas Distrib., Inc. v. Greenline Distrib., Inc.,* 100 F.3d 956, 1996 WL 636138, *1 (6th Cir. 1996), the plaintiff registered a mail-order catalog of replacement parts for landscaping power equipment as a compilation. The

plaintiff organized its catalog in two original ways: it added additional subheadings, and rearranged the sequence of the information. *Id.* The court held that while original, the format lacked the requisite creativity and stated:

> The additional subheadings provided by the plaintiff are similar to the business headings one would find in the yellow pages. Such an arrangement is typical, if not inevitable. It does not qualify for copyright protection ... The information provided can only be presented in a limited number of ways. Plaintiff's arrangement constitutes a mechanical, routine, and garden variety compilation. Such a compilation fails as a matter of law to meet the minimal level of creativity required for copyright protection.

*Id.* at *2, 100 F.3d 956.

Similarly, the general layout of ProTect's Mailer is not protectible. The information set forth in the mailers can only be presented in a limited number of ways. The use of bullet points and return coupons are commonplace and not "protected expression." Even thought the layouts might be somewhat similar, ProTect's layout is typical of advertising mailers and brochures and does not have any level of creativity required for copyright protection.

As discussed above, the sum of unoriginal parts does not and cannot equal a greater protected whole. The court must dissect copyrighted work to remove unoriginal ideas. Once this happens here, ProTect is left with a blank mailer.

    4.    <u>In Conclusion, After Applying the Merger Doctrine, No Reasonable Juror Could Find JTC's Mailer to Be Substantially Similar to ProTect's Mailer.</u>

While a quick glance at the two mailers might lead one to believe that they look similar, the First Circuit has rejected such a review of the works in total without first removing the non-protectible elements from the analysis. *Matthews*, 157 F.3d at 28 (rejecting appellant's argument that the district court erred because the two works were

allegedly similar "in design and overall aesthetic appeal"). "An alleged infringing work taken as a whole may seem 'substantially similar' to the copyrighted work taken as a whole, but the impression of similarity may rest heavily upon similarities in the two works as to elements that are not copyrightable – because those elements are the underlying ideas, or expressions that are not original with the plaintiff, or for some like reason." *Id.* at 27.

With the heavy burden of the plaintiff in mind, the two mailers are not nearly identical. Few, if any, phrases are repeated verbatim. This is true even *before* applying the merger theory. In fact, in most sections, although the JTC Mailer conveys many of the same *ideas* as the ProTect Mailer, the wording used is entirely different. "[M]ere identity of ideas expressed by two works is not *substantial* similarity giving rise to an infringement action." *Concrete Machinery Company, Inc.*, 843 F.2d at 606. Further, there will be no finding of infringement when there is only a *de minimis* copying of protected material. *Matthew Bender & Company, Inc. v. West Publishing Co.*, 158 F. 3d 674, 687 n. 10 (2d Cir. 1998), *cert. denied*, 526 U.S. 1154.

After applying the merger doctrine and removing the unprotected elements, little, if anything, is left. Also, as set forth above, there are far more differences than similarities. ProTect's claims must therefore be dismissed because it cannot prove copying of protected expression "was so extensive that it rendered [the Mailers] substantially similar." *Yankee Candle Company, Inc.*, 259 F.3d at 33

B.   **THIS COURT SHOULD AWARD JTC ITS ATTORNEYS' FEES.**

"The copyright statute departs from the usual American rule and says that the district court 'may' award attorney's fees to the prevailing party." *Matthews*, 157 F.3d at

29 (citing 17 U.S.C. §505 and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). The First Circuit noted that in *Fogerty*, "the Supreme Court rejected the view that fees should be awarded more readily to prevailing plaintiffs than to prevailing defendants; and it said that the weakness of the arguments made was a relevant consideration." *Id.* (awarding attorney's fees to prevailing defendant) (citations omitted).

"There are no rigid standards to guide the court's discretion in copyright cases, but certain equitable factors must be addressed. They include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in some cases to advance considerations of compensation and deterrence.'" *Yankee Candle Company, Inc. v. Bridgewater Candle Company, LLC*, 140 F. Supp. 2d 111, 115 (D. Mass. 2001), aff'd, 259 F.3d 25, 33 (2001) (citing *Fogarty, supra* at 534 n. 19).

In the instant case, ProTect's claim is very weak. "An unreasonable claim need not be frivolous to be compensable." *Id.* Bad faith is also not required. *Id.* at 116. "Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable." *Matthews*, 157 F.3d at 29. Here, ProTect must show that its unoriginal ideas are protected expression and then also that the two mailers are nearly identical. Clearly it can do neither. While there is some general similarity between the Mailers because the same subject matter is being addressed, there are far more differences than similarities. ProTect has obviously given no thought to what elements of its Mailer that it considers to be protected. If it had, it would surely have realized that no protected portion has been copied, and certainly not in a manner that is "so extensive" as to render the Mailers substantially similar.

ProTect's improper motivation for filing this case is apparent. It seeks to hinder its competitor, JTC, who, in ProTect's mind, hired away a key employee. ProTect alleges in its Complaint that JTC "kept Estabrooks in its employ even after receiving a letter from ProTect Painters [in May 2003 demanding that Estabrooks be fired]." [Complaint ¶23]. Only after ProTect learned of Estabrooks hiring did it seek copyright protection for its Mailer. [*See* Ex. 3, indicated May 19, 2003 date of application].

It is also apparent that ProTect has no interest in protecting its alleged copyright. ProTect allegedly created and published its Mailer in March 1996, but did not file for copyright protection until May 2003, seven years later. [See Exhibit 3 to Complaint]. It has not sought a preliminary injunction with this Court to prevent JTC from infringing on its alleged copyright. ProTect has also done nothing to pursue this claim. Even though it filed this case five months ago and trial is scheduled for May 2, 2005, ProTect has not conducted any discovery and has not, until very recently, served automatic disclosures.

Should the Court agree with JTC and grant summary judgment in its favor, JTC intends to submit an affidavit of attorneys' fees and any other necessary supporting materials and memoranda, or to follow such other procedure as directed by the Court.

### V. CONCLUSION

WHEREFORE, this Defendant JTC & Company, Inc. requests that this Court award summary judgment in its favor as to Count II and order the plaintiff to pay JTC's attorneys' fees and costs.

JTC & COMPANY, INC.,

*By its attorneys,*

MORISI & OATWAY, P.C.

/s/ Adam P. Whitney
Andrew C. Oatway BBO #561885
Adam P. Whitney BBO #637777
MORISI & OATWAY, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885

## LOCAL RULE 7.2 CERTIFICATION

I, Andrew C. Oatway, Esq., counsel for Defendant JTC & Company, Inc., hereby certify that on 5, 2005 in the mid-morning, I spoke by telephone with Cheri L. Crow, Esq., counsel for the Plaintiff, in a good faith effort to narrow or resolve the within Motion.

/s/ Andrew C. Oatway

## CERTIFICATE OF SERVICE

I hereby certify on this day that a true copy of the within document was served upon the attorney of record for each party by US Mail.

Date: 4/07/05            /s/ Adam P. Whitney