UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

C.A. No. 04-12039-WGY

| | |
|---|---|
| WAYNE A. SCHERGER, | * |
| d/b/a PROTECT PAINTERS | * |
| *Plaintiff,* | * |
| | * |
| v. | * |
| | * |
| SCOTT ESTABROOKS and | * |
| JTC & COMPANY, INC. | * |
| *Defendants* | * |

**DEFENDANT JTC & COMPANY, INC.'S RULE 37 (c) MOTION TO PRECLUDE DOCUMENTS AND WITNESSES AND/OR TO DISMISS THE PLAINTIFF'S COPYRIGHT INFRINGEMENT CLAIM FOR FAILING TO TIMELY PROVIDE AUTOMATIC DISCLOSURES, FAILING TO PROVIDE PRETRIAL DISCLOSURES AND OTHERWISE FAILING TO PROSECUTE THIS CASE**

The defendant, JTC & Company, Inc. ("JTC"), through counsel, moves for dismissal on Count II of Wayne A. Scherger d/b/a ProTect Painters' ("ProTect") Complaint for copyright infringement (the only claim against JTC that is not stayed pending arbitration). This Court should dismiss ProTect's claim on the grounds that trial is scheduled for the running trial list on May 2, 2005, yet, Protect failed to serve Automatic Disclosures (until it did so in response to a Local Rule 37.1 conference), failed to provide pretrial disclosures and has otherwise failed to take any action to prosecute this case.

### I. PROCEDURAL HISTORY AND STATEMENT OF THE CASE

Wayne A. Scherger d/b/a ProTect Painters ("ProTect") filed this action against JTC and Scott Estabrooks ("Estabrooks") on September 22, 2004. ProTect brought copyright claims against JTC and Estabrooks (Counts I and II respectively). ProTect also

1

brought three state law claims against JTC: interference with a contractual relationship [Count III]; violation of G.L. c. 93A [Count IV]; and misappropriation of trade secrets [Count V]. The Court stayed all claims other than the copyright claims [Counts I and II] pending the outcome of a related arbitration between ProTect and Estabrooks [See January 27, 2005 Clerk's Notes on Docket, Parties' Joint Motion for Clarification and Court's allowance of same on March 2, 2005].

This matter is scheduled for trial on Counts I and II for the running trial list on May 2, 2005. Even though trial is only weeks away, ProTect has not conducted any discovery. ProTect also failed to serve Pretrial Disclosures until April 5, 2005, and only then in response to a request for a Local Rule 37.1 Conference. A copy of its Automatic Disclosures is attached as Exhibit A.

### IV. ARGUMENT

A. **DUE TO PROTECT'S FAILURE TO PROVIDE TIMELY AUTOMATIC DISCLOSURES, THIS COURT SHOULD SANCTION PROTECT BY RULING THAT NO INFORMATION REQUIRED BY RULE 26 SHOULD BE ADMITTED AT TRIAL AND, ACCORDINGLY, SHOULD DISMISS PROTECT'S CASE.**

1. <u>Rule 26(a) Requires ProTect to Automatically Disclose Certain Information.</u>

Federal Rules of Civil Procedure 26(a) provides that "a party must, without awaiting a discovery request, provide to other parties [a list of witnesses; a description of documents; a computation of damages; and insurance agreements]." "These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order [or if other exceptions, not applicable here, apply]." ProTect's failure to list its witnesses, describe its documents, and provide a computation of damages is fatal to its ability to prove its claims of copyright infringement.

2

ProTect belatedly served its Automatic Disclosures in response to a request for a Local Rule 37.1 Conference. The disclosures are wholly inadequate. ProTect claims that it seeks its lost profits, but refuses to identify any documents regarding damages or provide any computation of damages. Protect claims that it is first waiting for the defendants to provide "needed information" before providing a computation of damages. This is contrary to the Rule, which provides as follows:

> A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1). Furthermore, ProTect has not served any discovery. One wonders how it expects to obtain "needed information," when trial is scheduled to be held before any hereinafter served discovery responses will become due.

    2.    <u>ProTect is Precluded from Using at Trial Information Not Previously Disclosed.</u>

Because ProTect blatantly and without cause ignored its duty to disclose critical information to JTC, ProTect cannot use such information at trial. To give Rule 26(a) teeth, the drafters imposed a self-executing penalty. The failure of a party, without substantial justification, to disclose the required information, unless such failure is harmless, results in the sanction that the party is not "permitted to use such information at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. Proc. 37(c)(1).

The First Circuit has made clear that the district court need not first impose a lesser sanction. The harsh sanction can be imposed even where no specific court order has been violated. *Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia*

*De Puerto Rico*, 248 F.3d 29, 33 (1st Cir. 2001). The First Circuit stated: "What the district court must find under Rule 37(c) is that the offending parties were not 'substantially justified' in failing to disclose information required by Rule 26(a) or Rule 26(e) and that the failure to disclose was not harmless. This is a 'self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision 37(a)(2)(A).'" *Id.* (*citing* Fed. R. Civ. P. 37 Advisory Committee Notes). The First Circuit also stated that "[f]or failure to make the specified discovery, the district court is directed to preclude as evidence 'any witness or information not so disclosed, [by the offending party].'" *Id.* at 34 (*citing* Rule 37). *Accord Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule [37(c)] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion.").

ProTect's failure is not substantially justified. ProTect cannot be heard to argue that the trial date has arrived too quickly. ProTect, through its counsel, asked this Court at the January 27, 2005 hearing for a trial date in three months. Thus, ProTect cannot in good faith argue that the short time period between the Case Management Conference and the trial is substantial justification when ProTect is the party that asked for the short time period.[1]

ProTect's total failure to timely disclose any information is also not harmless. Trial is one month away, yet until April 5, 2005, ProTect did not identify any witnesses, or identify any documents. ProTect still has not provided a computation of damages.[2] The damages evidence is critical because ProTect must prove actual damages. 17 U.S.C.

---

[1] ProTect subsequently joined with the other parties in moving for a longer tracking order and later trial date, but the Court denied this motion.

4

§ 412 (providing that no award of statutory damages or attorneys' fees shall be awarded for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.").

ProTect's failure is also not harmless because ProTect has also failed to file and serve pretrial disclosures required by Rule 26(a)(3). These disclosures were required to be filed and served thirty days before trial. This is yet another deadline ProTect has missed and is exemplary of ProTect's disregard for the Rules of Civil Procedure. ProTect has also not conducted any discovery. Additionally, ProTect has not disclosed any expert testimony pursuant to Rule 26(a)(2). It is unfathomable that ProTect can prove its actual damages without the benefit of expert testimony. Accordingly, it is apparent that ProTect has taken no steps to prepare its case for trial and, accordingly, its claims should be dismissed. Fed. R. Civ. P. 37 (c).

3.      <u>This Court Has Wide Latitude to Impose the Sanction of Dismissal.</u>

"'[I]n addition to or in lieu of [the sanction of not allowing undisclosed information to be available at trial], the court, on a motion and after affording an opportunity to be heard, may impose other appropriate sanctions…[which] may include any of the actions authorized under subparagraphs (A) and (B), and (C) of subdivision (b) (2) of [Rule 37].'" *Ortiz-Lopez*, 248 F.3d at 34 (quoting Fed. R. Civ. P. 37(c)). The First Circuit noted that the district court can impose a wide range of sanctions, including dismissal of the action. *Id.*

Dismissal is particularly appropriate here. Because of its utter failure to identify witnesses, describe documents and provide a computation of damages, ProTect will have

---

[2] JTC has served written discovery, but no responses have yet been provided.

5

no evidence to offer at trial. It is axiomatic that ProTect cannot prevail on its claim without providing evidence. *See Ortiz-Lopez*, 248 F.3d at 35-37 (affirming district court's dismissal of case where plaintiff failed to disclose expert testimony which was necessary to prove its claim). Accordingly, dismissal is warranted.

B.   **THIS COURT SHOULD AWARD JTC ITS ATTORNEYS' FEES.**

This Court should award JTC its attorneys' fees and costs under both Rule 37 and the copyright statute. Rule 37(a)(4)(A) states that the Court <u>shall</u> award attorneys' fees to a successful movant, unless the nondisclosure was substantially justified or if an award of fees would otherwise be unjust. Based on the foregoing, attorneys' fees should be awarded to JTC.

Alternatively, the Court should award JTC its fees under the copyright statute. "The copyright statute departs from the usual American rule and says that the district court 'may' award attorney's fees to the prevailing party." *Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998) (citing 17 U.S.C. §505 and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)). The First Circuit noted that in *Fogerty*, "the Supreme Court rejected the view that fees should be awarded more readily to prevailing plaintiffs than to prevailing defendants; and it said that the weakness of the arguments made was a relevant consideration." *Id.* (awarding attorney's fees to prevailing defendant) (citations omitted).

"There are no rigid standards to guide the court's discretion in copyright cases, but certain equitable factors must be addressed. They include 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in some cases to advance considerations of compensation and deterrence.'" *Yankee Candle Company, Inc. v. Bridgewater Candle Company, LLC*, 140 F. Supp. 2d 111, 115

(D. Mass. 2001), *aff'd Yankee Candle Company, Inc. v. Bridgewater Candle Company, LLC*, 259 F.3d 25, 33 (2001) (citing *Fogarty, supra* at 534 n. 19).

In the instant case, as set forth in more detail in JTC's Motion for Summary Judgment, filed herewith, ProTect's claim is, at best, very weak and subject to dismissal on the merits. "An unreasonable claim need not be frivolous to be compensable." *Id.* Bad faith is also not required. *Id.* at 116. "Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable." *Matthews*, 157 F.3d at 29.

ProTect's improper motivation for filing this case is apparent. It seeks to hinder its competitor, JTC, who, in ProTect's mind, hired away a key employee. ProTect alleges in its Complaint that JTC "kept Estabrooks in its employ even after receiving a letter from ProTect Painters [in May 2003 demanding that Estabrooks be fired]." [Complaint ¶23]. Only after ProTect learned of Estabrooks' hiring did it seek copyright protection for its Mailer. [*See* Ex. 3, indicated May 19, 2003 date of application].

It is also apparent that ProTect has no interest in protecting its alleged copyright. ProTect allegedly created and published its Mailer in March 1996, but did not file for copyright protection until May 2003, seven years later. [See Exhibit 3 to Complaint]. It has not sought a preliminary injunction with this Court to prevent JTC from infringing on its alleged copyright. ProTect has also done nothing to get its case ready for trial.

Should the Court agree with JTC and award attorneys' fees in its favor, JTC intends to submit an affidavit of attorneys' fees and any other necessary supporting materials and memoranda, or to follow such other procedure as directed by the Court.

7

WHEREFORE, JTC requests that this Court make specific findings that ProTect's failure to provide Automatic Disclosures was not harmless and was not substantially justified, order that ProTect be precluded from offering any evidence at trial, and/or order dismissal of ProTect's case or enter any other order that this Court deems fair and just.

JTC & COMPANY, INC.,

*By its attorneys,*

MORISI & OATWAY, P.C.

/s/ Adam P. Whitney
Andrew C. Oatway BBO #561885
Adam P. Whitney BBO #637777
MORISI & OATWAY, P.C.
1400 Hancock Street, Third Floor
Quincy, MA 02169-5203
Tel: (617) 479-0400
Fax: (617) 479-6885

**LOCAL RULES 7.2 and 37.1 CERTIFICATION**

I, Andrew C. Oatway, Esq., counsel for Defendant JTC & Company, Inc., hereby certify that on April 5, 2005 in the mid-morning, I spoke by telephone with Cheri L. Crow, Esq., counsel for the Plaintiff, in a good faith effort to narrow or resolve the within Motion.

/s/ Andrew C. Oatway

**CERTIFICATE OF SERVICE**

I hereby certify on this day that a true copy of the within document was served upon the attorney of record for each party by US Mail.

Date: 4/7/05   /s/ Adam P. Whitney

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12039-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                                               \*
WAYNE A SCHERGER,                              \*
   D/B/A PROTECT PAINTERS                  \*
      Plaintiff                              \*
                                               \*
v.                                             \*
                                               \*
SCOTT ESTABROOKS and JTC & COMPANY, INC.,      \*
      Defendants                             \*
                                               \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AUTOMATIC DISCLOSURE PURSUANT TO F.R.C.P. 26(a)(1)

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), Plaintiff Wayne Scherger d/b/a Protect Painters hereby makes the following disclosures:

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings regarding copyright infringement, identifying the subjects of the information;

Wayne Scherger
d/b/a Protect Painters
831 Beacon Street, #322
Newton Center, MA   02459

      He has knowledge of the creation of the copyrighted materials and advertising materials, his copyright, the infringement of his copyright by defendants, and his damages.

Scott Estabrooks
161 Perham Street
West Roxbury, MA   02132

     He has knowledge of the copyrighted materials and the confidential information and documents he obtained from Protect Painters as a franchisee and the information, materials and documents he provided to JTC & Company.

Tim Callahan
President
JTC & Company, Inc.
192 Worcester Road
Wellesley, MA   02481

     He has knowledge of the information, materials and documents he received from Scott Estabrooks and the copying of Protect Painters' copyrighted materials. He has knowledge of the profits made based on its use of Protect Painters' copyrighted materials.

(B)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

     Exhibits to Plaintiff's Complaint

(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

     Plaintiff seeks compensatory damages for the business it lost and the business JTC gained as a result of JTC's use of advertising brochures using Plaintiff's copyrighted materials. Plaintiff will provide a computation after it has obtained the needed information from defendants. Plaintiff estimates the damages to be aroung $200,000.00.

(D)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

     Not Applicable.

Wayne Scherger
d/b/a Protect Painters
By his attorney,

_____
Cheri L. Crow, Esq. BBO# 106830
23 Walkers Brook Drive
Reading, MA   01867
781-944-8470

## CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., counsel for plaintiff Wayne Scherger d/b/a Protect Painters do hereby certify that on this 5th day of April, 2005, I served the foregoing pleading upon all counsel of record by e-mail and by mail, postage prepaid, to:

John J. Burke
Law Offices of John J. Burke, LLC
30 Massachusetts Avenue, #2
North Andover, MA   01845

Andrew C. Oatway
Adam P. Whitney
Morisi & Oatway
1400 Hancock Street, Third Floor
Quincy, MA   02169-5203

_____
Cheri L. Crow, Esq.