UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12039-WGY

*************************************
WAYNE A SCHERGER,
    D/B/A PROTECT PAINTERS
        Plaintiff

v.

SCOTT ESTABROOKS and JTC & COMPANY, INC.,
        Defendants
*************************************

PLAINTIFF'S OPPOSITION TO DEFENDANT JTC & COMPANY, INC.'S
MOTION TO PRECLUDE DOCUMENTS AND WITNESSES AND/OR TO DISMISS
COPYRIGHT INFRINGEMENT CLAIM

Plaintiff Wayne Scherger d/b/a Protect Painters hereby states his opposition to Defendant JTC & Company, Inc.'s Motion to Preclude Documents and Witnesses and/or to dismiss Copyright Infringement Claim.

Automatic Disclosure

Plaintiff does not dispute that he did not file his Automatic Disclosure until April 5, 2005. However, Plaintiff does deny that it intentionally failed to do so. Rather, as explained to JTC's counsel at the time of the Rule 37.1 conference, Protect Painters' counsel thought that it had already been filed but had not been due to an administrative error. The same is true for Plaintiff's Rule 16.1 Certificate. As evidenced by the pre-prepared Certificate of Service, the Certificate and the Automatic Disclosure were both meant to be filed in February.

It is very interesting to note that JTC filed its Automatic Disclosures on March 3, 2005, only one (1) month before Protect Painters. Thus, it is not as though JTC will be unduly prejudiced by the delay in the filing by Protect Painters. Rather, JTC chose to wait to until April 5th to request a Rule 37.1 conference on this issue. As soon as counsel became aware of the oversight, she immediately corrected it.

Again, a review of the Automatic Disclosure reveals that there is nothing contained therein that JTC did not already know or could have expected. Protect Painters does not seek actual damages but rather as allowed by statute seeks a disgorgement of JTC's profits from its copyright infringement in the use of Protect Painters' mailer. See 17 U.S.C. § 504(b). As such, Protect Painters needs only to present proof of JTC's gross revenues. This is not something that Protect Painters could disclose in its Automatic Disclosure and, instead, was something already known to JTC.

Thus, JTC has not been harmed by Protect Painters' delay in the filing. Protect Painters apologizes again to JTC and also to this Court for its error and requests that the Court deny JTC's Motion.

## FAILURE TO PROSECUTE

This case moved into a stage in which discovery could be initiated in late January 2005. The case itself is only six months old. Protect Painters has scheduled depositions that will take place prior to trial. This case does not meet the standards by which the case should be dismissed for failure to prosecute. Protect Painters will be ready for trial and that is what is relevant. Thus, Protect Painters requests that the Court deny JTC's motion to dismiss the copyright infringement claim against it.

This is not a complicated case and very little discovery is needed on the part of Protect Painters. The two mailers are at the heart of the case. The Plaintiff's testimony as to the creation of the mailer and his copyright and then proof of JTC's gross revenues.

ATTORNEYS FEES

Protect Painters' claims against JTC are not frivolous and JTC should not be awarded attorneys fees in this matter. As shown in Protect Painter's opposition to JTC's motion for summary judgment, Protect Painters has strong, valid claims that should be presented to a jury. Further, Protect Painters believes that it will prevail. JTC knew that it was copying Protect Painters' work and even after being notified specifically of its infringement, JTC chose to continue to use the mailer. Thus, JTC is not in a position for which it should be awarded attorneys fees.

> Wayne Scherger
> d/b/a Protect Painters
> By his attorney,
>
> _____
> Cheri L. Crow, Esq. BBO# 106830
> 23 Walkers Brook Drive
> Reading, MA 01867
> 781-944-8470

CERTIFICATE OF SERVICE

I, Cheri L. Crow, Esq., counsel for plaintiff Wayne Scherger d/b/a Protect Painters do hereby certify that on this 3rd day of May, 2005, I served the foregoing pleading upon all counsel of record by overnight delivery, postage prepaid, to:

3

John J. Burke
Law Offices of John J. Burke, LLC
30 Massachusetts Avenue, #2
North Andover, MA   01845

Adam P. Whitney, Esq.
Morisi & Oatway
1400 Hancock Street, Third Floor
Quincy, MA   02169-5203

_____
Cheri L. Crow, Esq.