UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12039-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WAYNE A SCHERGER,
    D/B/A PROTECT PAINTERS
        Plaintiff

v.

SCOTT ESTABROOKS and JTC & COMPANY, INC.,
        Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S OPPOSITION TO DEFENDANT JTC & COMPANY, INC.'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff Wayne Scherger d/b/a Protect Painters hereby states his opposition to Defendant JTC & Company, Inc.'s Motion for Summary Judgement.

STATEMENT OF MATERIAL FACTS

For the purposes of this motion, Plaintiff accepts Defendants Statement of Material Facts.

ARGUMENT

JTC & Company, Inc. (hereinafter "JTC") seeks summary judgment on Plaintiff's copyright infringement claim based on its argument that the Court should apply the merger doctrine and that, once it does so, there can be no finding that JTC copied any "protected expression." (For the purposes of its motion, JTC concedes that Protect Painters is the owner of

a valid copyright and that copying occurred.) In essence JTC asserts that even if it copied Protect Painter's mailer, what it copied was not protected under copyright law.

Thus, for purposes of this motion it is accepted that JTC had Protect Painters' mailer and copied it. JTC's mailer is strikingly similar to that of Protect Painters' mailer whereas the differences between the two mailers is minimal.

Summary judgment is often inappropriate on the question of substantial similarity. *Yankee Candle v. The Bridgewater Candle*, 259 F.3d 25, 37 (1st Cir. 2001). Where reasonable minds can differ, summary judgment is not appropriate. *See id.* In this case reasonable minds can differ and summary judgment should be denied for all the reasons set forth below.

In the case of *CMM Cable Rep, Inc. v. Ocean Coast Properties*, 97 F.3d 1504 (1st Cir. 1996), one of the issues before the court was the defendant's appeal of the district court's denial of summary judgment on the plaintiff's claim of copyright infringement of its direct mail brochure. The First Circuit upheld the denial. *Id.* at 1507.

The district court observed that the plaintiff's brochure and the defendant's brochure had striking similarities. *Id.* at 1510. It also noted that a comparison of the two brochures also revealed differences including type style, colors, and certain layout elements. *Id.* The district court held that "given the striking similarities in the two brochures, CMM easily met its summary judgment burden of showing that there is a triable issue of copying." *Id.* at 1511.

To establish copyright infringement, all that Protect Painters must prove here is that elements of its mailer are original. See *id.* at 1513.

Courts must be careful to avoid the potential danger of "dissecting the work as to classify all its elements as unprotectable… thereby possibly blinding it to the expressiveness of their

2

ensemble." *Id.* at 1515. Thus, the Court must keep sight of the mailer as a whole. *Id.* In *CMM Cable Rep*, the court permitted the infringement question to go to the jury despite concluding that most, if not all of the text, consisted of uncopyrightable elements. See *id.*

Copyrightable elements include graphics and the selection and arrangement of components of a work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 3448-349, 111 S.Ct. 1282, 1289 (1991). Copyright can extend to text, layout, and/or design to the extent that they are original. See *CMM Cable Rep*, 97 F.3d at 1524.

For the purposes of this motion, JTC does not deny that its mailer is a direct copy of Protect Painters' mailer. A copyrighted work is infringed by reproducing it in whole or in any substantial part, and by duplicating it exactly or by imitation or simulation. In this case, Protect Painters' copyrighted work has been copied in substantial part and is duplicated by imitation. As demonstrated below, a comparison of the two mailers reveals the overwhelming extent to which JTC copied Protect Painters' mailer.

The prevailing substantial similarity test is whether an average lay observer would recognize JTC's brochure as having been appropriated from Protect Painters' brochure. Wide departures or variations from the copyrighted work are still infringements as long as the author's expression rather than merely the ideas are taken. H.R. Rep. No. 94-1476, 94th Cong., 2d Sess.61 (1976). The key to the ordinary observer test is the similarities rather than the differences. See *Novelty Textile Mills Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n.4 (2d Cir. 1977); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir.), *cert. denied*, 298 U.S. 669 (1936).

The substantial similarities between the two mailers are obvious to even the average lay observer. First, the overall organization and set up are the same. The left hand side is in the form of a letter with starred highlighted areas while the right side contains bullet points (starred again) of features. The bottom of the mailer is a tear away for the potential client to return to the company.

An additional comparison of the two mailers reveals the following substantial similarities:

1. Protect Painters: "Post-it" at top of brochure saying: "Here's your opportunity to receive a FREE estimate for all of your painting needs!"

   JTC: "Post-it" on outside envelope saying: "Here is your opportunity to receive a FREE ESTIMATE for all your painting needs."

2. Protect Painters: Five (5) starred items on left side of brochure.

   JTC: Five (5) starred items on left side of brochure.

3. Protect Painters: Five (5) starred items on right side of brochure.

   JTC: Six (6) starred items on right side of brochure.

4. Protect Painters: "It's Time to Paint!" on top right side of brochure.

   JTC: "Spring is Here, It's Time to Paint!" at top of brochure.

5. Protect Painters: "Get a FREE Estimate Today" at end of starred items on right side of brochure.

   JTC: "Call today for a FREE Estimate" at end of starred items on right side of brochure.

| | | |
|---|---|---|
| 6. | Protect Painters: | "Quality", "Clean & Courteous", "Full Service" are three (3) of the five (5) starred headings on the left side of brochure. |
| | JTC: | "Quality", "Clean & Courteous", "Full Service" are three (3) of the five (5) starred headings on the left side of brochure. |
| 7. | Protect Painters: | "Sincerely" with name and Massachusetts Home Improvement Contractor number at end of letter. |
| | JTC: | "Sincerely" with name and Massachusetts Home Improvement Contractor number at end of letter. |
| 8. | Protect Painters: | Introductory paragraph contains phrases:<br>"one of the largest"<br>"painting and decorating companies"<br>"have the experience to handle all of your"<br>"no matter how large or small"<br>"Our Five Star Service" |
| | JTC: | Introductory paragraph contains phrases:<br>"one of the largest"<br>"painting and decorating companies"<br>"have the experience to handle all of your"<br>"no matter how large or small"<br>"Our Five Star Service" |
| 9. | Protect Painters: | *Quality section contains phrases:<br>   "Our crews are experienced....professionals"<br>   "quality comes first"<br>   "We use...top...your job ....last". |
| | JTC: | *Quality section contains phrases:<br>   "Our crews are experienced....professionals"<br>   "quality comes first"<br>   "We use...top...your job ....last". |
| 10. | Protect Painters: | *Clean & Courteous section contains phrases:<br>   "Our staff work swiftly"<br>   "from start to finish to ensure a timely completion." |

JTC:   *Clean & Courteous section contains phrases:
"Our staff works quickly"
"from start to finish to ensure a timely completion."

JTC's position that there are only a very few ways that these "ideas" can be worded or presented is clearly wrong. If that were the case, then all mailers would look alike and say the same things. They do not.

First, there is the choice of what to say – what ideas do you want to convey? Not every paint company feels the need to say it is "clean and courteous" or that it works "quickly" or that there will be a "timely completion."

Then, there is the choice of the words to use to convey that message. A review of a thesaurus and/or dictionary reveals that there are numerous ways to express the concepts JTC claims can only be expressed by using the SAME words as those used by Protect Painters. The concept of quickness can be conveyed using the words fast, prompt, swift, speedily, hastily, and eagerly, for example. The concept of quality can be expressed using the terms high caliber, the best, superior, etc. The idea of courteous can be conveyed with the words polite or respectful. Whereas efficient can also be expressed as competent, effectual, skillfully or ably. Experience can be expressed as history, learned, practiced, knowledgeable or skilled.

Then, there is the choice in how to display or show it – the graphics, the layout, the order, the colors, etc. Not everyone's mailer has the left hand side in the form of a letter with starred highlighted areas with the right side containing bullet points (starred again) of features or has the bottom of the mailer as a tear away for the potential client to return to the company. Not everyone has a set apart right side with starred features.

Despite JTC's assertion to the contrary, there are not so few words that the way Protect Painters' chose to express them is uncopyrightable. In fact, advertising is a multi-billion dollar industry in this country and people and companies get paid significant dollars to come up with ways to convey ideas in fresh, new ways that attract business.

Based on JTC's argument no advertising mailer could be copyrighted by anyone since within every industry there are always going to be some basic words common to that industry and only so many ways to convey the ideas surrounding that industry.

Protect Painters is not claiming that the individual words "quality", "clean", "courteous", etc. are copyrightable when looked at standing alone. Rather, it is their use in connection with all of the other words used, in the layout, in the graphics, in the order, etc. that created an original manner of expressing the ideas behind the words and not the ideas themselves and which results in copyrightable material. See *Concrete Machine Co. v. Classic Lawn Ornaments*, 843 F.2d 600, 606 (1st Cir. 1988); *Yankee Candle v. The Bridgewater Candle*, 259 F.3d 25, 33 (1st Cir. 2001).

JTC claims that the merger doctrine is applicable to this case. Under the merger doctrine, the idea and its expression are inseparable and therefore copyright is no bar to copying the expression of the idea. See *Concrete Machine*, 843 F.2d at 606. The ideas and the expression of those ideas in Protect Painters' mailer do not merge. In general, the merger doctrine is most applicable where the idea and the expression are of items found in nature or are found commonly in everyday life. *Yankee Candle*, 259 F.3d at 36. That is not the case here.

Further, the merger doctrine does not allow JTC to take the "uncopyrightable" elements and arrange them in a "nearly identical" manner to that of Protect Painters' mailer. See *id.* In such a situation, a jury could find the requisite showing of substantial similarity to support

copyright infringement. *Id.* Here, a reasonable juror could easily look at the two mailers and think that JTC had literally copied Protect Painters' mailer based on the words, the graphics, the layout, the arrangement, and the style. Thus, summary judgment is inappropriate here.

In addition, although Protect Painters believes that its mailer is copyrightable even when the dissection test and the merger doctrine are applied, Protect Painters also believes that even if the dissection test revealed a host of uncopyrightable individual elements, it is Protect Painters' position that they have been arranged in a unique way that qualifies them for copyright protection. See *Feist*, 499 U.S. at 362; *Knitwaves, Inc. v. Lollywogs, Ltd.*, 71 F.3d 996, 1003 (2d Cir. 1996) and believes that this reasoning should be adopted by this Court. In *Yankee Candle*, the First Circuit acknowledged that this qualification might be applicable in some cases but did not decide the matter in that case. See *Yankee Candle*, 259 F.3d at 34. This Court should apply this qualification in this case and deny the motion for summary judgment.

CONCLUSION

For all of the reasons set forth above, this Court should deny Defendant's Motion for Summary Judgment.

Wayne Scherger
d/b/a Protect Painters
By his attorney,

*(signature)*

Cheri L. Crow, Esq. BBO# 106830
23 Walkers Brook Drive
Reading, MA  01867
781-944-8470

CERTIFICATE OF SERVICE

    I, Cheri L. Crow, Esq., counsel for plaintiff Wayne Scherger d/b/a Protect Painters do hereby certify that on this 3rd day of May, 2005, I served the foregoing pleading upon all counsel of record by overnight delivery, postage prepaid, to:

John J. Burke
Law Offices of John J. Burke, LLC
30 Massachusetts Avenue, #2
North Andover, MA  01845

Adam P. Whitney, Esq.
Morisi & Oatway
1400 Hancock Street, Third Floor
Quincy, MA  02169-5203

_____
Cheri L. Crow, Esq.