UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 04-12039-WGY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

WAYNE A SCHERGER,
D/B/A PROTECT PAINTERS
Plaintiff

v.

SCOTT ESTABROOKS and JTC & COMPANY, INC.,
Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOINT PRETRIAL MEMORANDUM

Pursuant to this Court's Procedural Order Re: Final Pretrial Conference/Trial, Plaintiff Wayne A. Scherger d/b/a Protect Painters and Defendant JTC & Company, Inc. submit this Joint Pretrial Memorandum. The Plaintiff has settled his claims against Defendant Scott Estabrooks.

1.  SUMMARY OF THE EVIDENCE

    a.  By Plaintiff

    Plaintiff will offer evidence of the mailer he used in 2002 and prior to that and will testify as to its creation by plaintiff which will demonstrate originality and creativity entitling the mailer to copyright protection. He will offer evidence of the registration of the copyright. Plaintiff will show that Defendant had Plaintiff's mailer and copied it in "creating" Defendant's mailer in 2003. Plaintiff will show that the two mailers are substantially similar and that Defendant infringed upon Plaintiff's copyright.

    Plaintiff will introduce evidence as to Defendant's gross revenues in 2003 which

are the basis for Plaintiff's damages under copyright infringement law entitling Plaintiff to a disgorgement of Defendant's profits.

b.    By Defendant

JTC will offer evidence of independent creation. JTC will rebut Plaintiff's evidence on liability with testimony from the Plaintiff's Deposition.

As to damages, JTC has filed a Motion in Limine regarding the Plaintiff's damages. If the plaintiff is allowed to offer evidence of disgorgement damages, JTC intends to offer evidence of its actual profits and deductible expenses. JTC intends to offer testimony that will cast doubt on plaintiff's causation theory.

2. STATEMENT OF FACTS

Plaintiff did business as Protect Painters. Protect Painters franchised its residential painting business system to franchisees. Plaintiff had a direct mail advertising piece which was used by its franchisees to advertise and obtain painting business, including the piece used in 2002. Scott Estabrooks, a franchisee of Protect Painters, did not renew his franchise and went to work for JTC & Company, Inc. Estabrooks had a copy of the 2002 Protect Painters direct mail piece.

JTC & Company had approximately 48,000 mail pieces printed in early 2003 and set up a mailing schedule. JTC used the mail piece to advertise its residential painting business in 2003.

Plaintiff registered its copyright for its 2002 direct mail advertising copy on June 3, 2003.

3. CONTESTED ISSUES OF FACT

Whether elements of Plaintiff's mailer are original.

Whether the Plaintiff's Mailer contains copyrightable material and/or is copyrightable.

Whether Scott Estabrooks gave a copy of the Plaintiff's Mailer to the graphics designer used by JTC & Company.

Whether JTC & Company was new to the residential painting business in 2003.

Whether JTC & Company was incorporated in October 2002.

Whether Defendant copied the Plaintiff's Mailer.

Whether the Defendant's Mailer is substantially similar to the Plaintiff's Mailer.

What Defendant's gross revenues were for 2003.

Whether Defendant earned revenues and/or profits from its Mailer and if so, what is the amount.

Whether Defendant had deductible expenses and elements of profit attributable to factors other than the copyrighted work and if so, what amount.

4.  JURISDICTIONAL QUESTIONS

There are none.

5.  QUESTIONS RAISED BY PENDING MOTIONS

JTC has filed a Motion to Preclude Documents and Witnesses and/or to Dismiss.

JTC will file a Motion in Limine to Exclude Expert Damages Testimony by the Plaintiff.

6.  ISSUES OF LAW

Plaintiff's Position

Whether the Plaintiff's mailer is protectible under copyright law.

Whether this Court should apply the merger doctrine or not.

Whether this Court should apply the dissection test.

Whether the qualification to the dissection test set forth in *Knitwaves, Inc. v. Lollywogs, Ltd.*, 71 F.3d 996, 1003 (2d Cir. 1996) should be applied here.

Defendant's Position:

Whether, after dissecting the unprotectible portions of plaintiff's mailer, as this Court must under *Yankee Candle Company, Inc. v. Bridgewater Candle Co.*, 259 F.3d 25 (1st Cir. 2001), and whether, after dissecting non-original portions of the mailer, as this Court must under *CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504 (1st Cir. 1996), there are any protectible portions remaining. Also, whether, there are only short phrases that are not copyrightable as set forth in *CMM Cable Rep, Inc.*. Whether typographical symbols, such as starred bullet points, are sufficiently original to warrant copyright protection. Whether JTC copied any protectible portions of the mailer to make the two mailers substantially similar.

7. REQUESTED AMENDMENTS TO PLEADINGS

   None.

8. ADDITIONAL MATTERS

   None.

9. PROBABLE LENGTH OF TRIAL/ JURY OR NON-JURY

   The parties estimate the trial will take two (2) days. This is a jury trial.

10. WITNESSES

   a. By Plaintiff

      Plaintiff expects to call the following witnesses:

Wayne Scherger:     Factual and Expert Testimony
3171 Wyncroft Place
Norcross, Georgia 30071

4

Dba Protect Painters:  Business Address:
831 Beacon Street
Newton Center, Massachusetts 02459

Scott Estabrooks:        Factual Testimony
161 Perham Street
West Roxbury, Massachusetts 02132

Keeper of the Records
JTC & Company, Inc.:     Factual Testimony
192 Worcester Road
Wellesley, MA   02481


Tim Callahan:            Factual Testimony
█████████ - need residential address


Amy Strauch:             Factual Testimony
What Design
119 Braintree Street
Allston, MA

Troy Anderson:           Factual Testimony
26 Phillips Street
Marblehead, MA 01945

Craig Blake or Kathy Rousseau:      Factual Testimony
W.A. Wilde Company
201 Summer Street
Holliston, MA   01476

Ralph Dumican:           Factual Testimony
Direct Mailing and Fulfillment
238 John Dietsch Blvd.
North Attleboro, MA   02760


Defendant's Fact Witnesses

Tim Callahan, President
JTC & Company, Inc.
192 Worcester Road
Wellesley, MA 02481.

Scott Estabrooks
161 Perham Street
West Roxbury, MA.

<u>Defendant's Position on Expert Witnesses</u>

JTC's Position: JTC will file a Motion in Limine to exclude the Plaintiff's Expert Testimony on the grounds that (1) the Plaintiff was late in identifying its experts; and (2) the proposed expert testimony is wholly speculative. In the event that the Court allows the Plaintiff to offer such expert testimony, JTC requests leave to name its own expert(s) to rebut such damages. *See* Fed. R. Civ. P. 26(a)(2)(C) (rebuttal expert need not be identified until 30 days after disclosure of opponent's expert).

<u>Defendant's Position on ProTect's Fact Witnesses</u>

JTC objects to ProTect's witnesses as the same were not timely identified.

11. PROPOSED EXHIBITS

   1. Protect Painters Direct Mail Advertisement used in 2002
   2. June 3, 2003 Certificate of Copyright Registration for Protect Painters Direct Mail Advertising Copy
   3. JTC & Company's Direct Mail Advertisement used in 2003
   4. American Airlines Mailer
   5. TurboTax Mailer

6.
7.
8.
   A. JTC & Company's Record of 2003 Gross Revenues
   B. Documents regarding JTC's deductible Expenses.

Respectfully Submitted:

| Plaintiff | Defendant |
|---|---|
| Wayne Scherger<br>d/b/a Protect Painters<br>By his Attorney, | JTC & COMPANY, INC.,<br><br>By its attorneys,<br>MORISI & OATWAY, P.C. |
| /s Cheri L. Crow<br>Cheri L. Crow, Esq. BBO# 106830<br>23 Walkers Brook Drive<br>Reading, MA  01867<br>781-844-8470 | /s Adam P. Whitney<br>Andrew C. Oatway BBO #561885<br>Adam P. Whitney BBO #637777<br>MORISI & OATWAY, P.C.<br>1400 Hancock Street, Third Floor<br>Quincy, MA 02169-5203<br>Tel: (617) 479-0400<br>Fax: (617) 479-6885 |